**REESE LLP**
George V. Granade (State Bar No. 316050)
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
ggranade@reesellp.com

**REESE LLP**
Michael R. Reese (State Bar No. 206773)
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
mreese@reesellp.com

**THE LAW OFFICE OF ALEC PRESSLY**
Alec Pressly (State Bar No. 348054)
3110 Main Street Building C, #331
Santa Monica, California 90405
Telephone: (603) 809-6601
alec@presslylegal.com

*Counsel for Plaintiff Emmett Enriques and the Proposed Class*

**BRAUNHAGEY & BORDEN LLP**
David Kwasniewski (State Bar No. 281985)
747 Front Street, 4th Floor
San Francisco, California 94111
Telephone: (415) 964-4460
kwasniewski@braunhagey.com

*Counsel for Defendants Only What You Need, Inc., and The Simply Good Foods Co.*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| EMMETT ENRIQUES, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>ONLY WHAT YOU NEED, INC., *a Delaware Corporation*; THE SIMPLY GOOD FOODS COMPANY, *a Delaware Corporation*; *and* DOES 1 *through* 70, *inclusive*,<br><br>Defendants. | Case No. 2:24-cv-08969-GW-BFM<br><br>**JOINT REPORT PURSUANT TO FEDERAL CIVIL PROCEDURE RULE 26(f) AND CENTRAL DISTRICT OF CALIFORNIA LOCAL RULE 26-1** |

Plaintiff Emmett Enriques ("Plaintiff") and Defendants Only What You Need, Inc., and The Simply Good Foods Company (together, "Defendants"), the parties to the above-captioned action (collectively, the "Parties"), through their undersigned counsel, respectfully submit the following joint report following the meet and confer they held pursuant to Federal Civil Procedure Rule 26(f) and Central District of California Local Rule 26-1 on November 20, 2024.

## I. PRELIMINARY STATEMENTS

### A. Plaintiff's Preliminary Statement

This is a consumer protection class action alleging on behalf of a putative California class that Defendants violated California's Consumers Legal Remedies Act, CAL. CIV. CODE § 1750 *et seq.*, False Advertising Law, CAL. BUS. & PROF. CODE § 17500 *et seq.*, and Unfair Competition Law, CAL. BUS. & PROF. CODE § 17200 *et seq.*, and alleging on behalf of a putative nationwide class that Defendants breached express and implied warranties, made negligent misrepresentations, and were unjustly enriched. Plaintiff seeks injunctive relief, restitution, damages, punitive damages, prejudgment interest, and attorneys' fees and costs.

Plaintiff alleges Defendants materially misrepresent the macronutrient levels in their "Elite PRO" brand of ready-to-drink protein shakes (the "Products," as defined in paragraph 1 of the Complaint). Plaintiff's allegations are based on, at minimum, sixteen laboratory reports performed on sixteen different lots of six different flavors of the Products. These tests were conducted over a 25-month period, from March 2022 through April 2024. The scope and breadth of these reports demonstrate that the allegations below are systemic to the composition and production of all of the Products.

Specifically, Plaintiff alleges that:

(1) The Products contain materially less protein than Defendants disclose to consumers on the Products' Nutrition Facts panels ("NFP") and represent to consumers using prominent content claims and statements on the Products' labels.

(2) The Products contain materially more total carbohydrates than Defendants disclose on the Products' NFPs.

(3) Many flavors contain material amounts of sugar, even though Defendants represent that the Products contain "zero sugar."

(4) Defendants prominently market the Products as "0 Net Carbs" yet fail to define that term as required by legal precedent.

(5) Assuming Defendants internally define "Net Carbs" to mean total carbohydrates minus dietary fiber, then the Products contain materially more "Net Carbs" than Defendants disclose on the Products' NFPs and represent prominently on the Products' labels.

### B. Defendants' Preliminary Statement

This is a putative false advertising case. OWYN sells a variety of plant-based, allergen-free, ready-to-drink protein shakes. The shakes state the amount of protein they contain on the front of the label. Plaintiff, who was recruited rather than injured, alleges that years ago some of OWYN's shakes did not contain the amount of protein advertised. Plaintiff does not allege that any of the shakes he actually purchased contained less protein than advertised. Plaintiff's lawyers own alleged testing confirms that, at least at or around the time of Plaintiff's alleged purchases, OWYN's shakes contained at least as much, if not more, protein as was stated on the labels. The parties have agreed to proceed with plaintiff's deposition on December 18, 2024.

## II.    RULE 26(f)(3)(A) - What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made

Plaintiff served his initial disclosures on December 4, 2024. Defendants will serve their initial disclosures on December 11, 2024.

III. **RULE 26(f)(3)(B) - The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues**

A. *What Discovery Is Needed*

*Plaintiff's Position:* Discovery will be needed on Defendants' communications and documents related to the formulation, labeling, and marketing of Defendants' Products, specifically focusing on accuracy and transparency in nutritional information; internal testing results, product development records, and quality control documentation related to the Products; consumer complaints, feedback, or communications with Defendants regarding alleged mislabeling or misrepresentations in product marketing; and financial documents, including sales data and profit margins related to the Products, to support claims for damages and restitution.

*Defendants' Position:* Defendants anticipate that discovery will be needed on all of Plaintiff's claims, all subjects and issues fairly arising out of the allegations in the complaint, all of the affirmative allegations of the defense, Plaintiff's purchasing decisions, any testing Plaintiff performed on the accused protein shakes, whether Plaintiff was injured as opposed to recruited by his lawyers, and Plaintiff's alleged damages, including claims for recovery of attorney fees.

B. *Discovery Schedule*

*Plaintiff's Position:* Plaintiff believes the initial focus of discovery should be on issues related to class certification. Plaintiff proposes the following discovery schedule:

| EVENT | DATE FOR COMPLETION |
|---|---|
| Completion of Class Certification Discovery | June 20, 2025 |
| Plaintiff's Disclosure of Class Certification Expert(s) | June 20, 2025 |

| Defendants' Disclosure of Class Certification Opposition Expert(s) | August 20, 2025 |
|---|---|
| Plaintiff's Disclosure of Class Certification of Rebuttal or Reply Expert(s) | September 22, 2025 |
| Completion of All Factual Discovery and Disclosure of any Additional Experts or Expert Reports | 90 days after the Court issues its ruling on Plaintiff's motion for class certification |

*Defendants' Position:* Because merits and class certification issues are inherently intertwined, and because the claims and defenses in this case are straightforward, Defendant submits that discovery should not be phased or bifurcated and instead proposes the following schedule:

| **EVENT** | **DATE FOR COMPLETION** |
|---|---|
| Completion of Fact Discovery | June 20, 2025 |
| Plaintiff's Disclosure of Class Certification Expert(s) | June 20, 2025 |
| Defendants' Disclosure of Class Certification Opposition Expert(s) | August 20, 2025 |
| Plaintiff's Disclosure of Class Certification of Rebuttal or Reply Expert(s) | September 22, 2025 |

**IV.    RULE 26(f)(3)(C) - Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced**

The Parties do not foresee any issues regarding discovery or the preservation of electronically stored information.

**V.    RULE 26(f)(3)(D) - Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**

The Parties do not anticipate any issues regarding claims of privilege or protection of trial-preparation materials. The Parties will submit a proposed confidentiality order soon for the Court's consideration that will cover these topics.

**VI.    RULE 26(f)(3)(E) - What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed**

The Parties do not believe that any changes should be made.

**VII.   RULE 26(f)(3)(F) - Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)**

The Parties agree that the Court should issue an order governing the treatment of confidential information produced in discovery, a proposed version of which the Parties will submit soon.

**VIII.  LOCAL RULE 26-1(a) - Complex Cases**

The Parties agree that the case is complex solely due to the fact it is a proposed class action. The Parties also agree that the Manual for Complex Litigation should not be used in this action.

**IX.    LOCAL RULE 26-1(b) - Motion Schedule**

Plaintiff will file a motion for class certification. The Parties have met and conferred and propose the following schedule for class certification briefing:

June 20, 2025 – Plaintiff's opening brief in support of class certification

August 20, 2025 – Defendants' opposition

September 22, 2025 – Plaintiff's reply

The Parties also anticipate filing motions for summary judgment after the

completion of discovery.

**X.     LOCAL RULE 26-1(c) - ADR**

The Parties agree to ADR Procedure 2 (appearing before a neutral selected from the Court's mediation panel) or ADR Procedure 3 (private mediation). The Parties do not believe ADR Procedure 1 (appearing before the District Court judge or magistrate assigned to the case) is appropriate here.

**XI.    LOCAL RULE 26-1(d) - Trial Estimate**

Plaintiff estimates the case will take two weeks to try.

Defendant estimates the case will take three days to try if Plaintiff's class certification motion is denied. If Plaintiff's class certification motion is granted, Defendant estimates the case will take three weeks to try.

**XII.   LOCAL RULE 26-1(e) - Additional Parties**

Neither Party anticipates adding additional parties, except that Plaintiff may add additional plaintiffs.

**XIII.  LOCAL RULE 26-1(f) - Expert Witnesses**

The Parties' proposals regarding the timing of expert witness disclosures are set forth above in Section III.B in connection with discovery scheduling.

Respectfully submitted,

Date: December 10, 2024

**REESE LLP**

By: */s/ George V. Granade*
George V. Granade (SBN 316050)
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
ggranade@reesellp.com

**REESE LLP**
Michael R. Reese (SBN 206773)
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
mreese@reesellp.com

|   |   |
|---|---|
|   | **THE LAW OFFICE OF ALEC PRESSLY**<br>Alec Pressly (SBN 348054)<br>3110 Main Street Building C, #331<br>Santa Monica, California 90405<br>Telephone: (603) 809-6601<br>alec@presslylegal.com<br><br>*Counsel for Plaintiff Emmett Enriques and the Proposed Class* |
| Date: December 10, 2024 | **BRAUNHAGEY & BORDEN LLP**<br><br>By: */s/ David Kwasniewski*<br>David Kwasniewski (SBN 281985)<br>747 Front Street, 4th Floor<br>San Francisco, California 94111<br>Telephone: (415) 964-4460<br>kwasniewski@braunhagey.com<br><br>*Counsel for Defendants Only What You Need, Inc., and The Simply Good Foods Co.* |

## **ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, George V. Granade, hereby attest that all signatories listed, and on whose behalf this filing is submitted, have concurred in the filing's content and have authorized the filing.

By: */s/ George V. Granade*
George V. Granade