1  Matthew Borden, Esq. (SBN: 214323)
   borden@braunhagey.com
2  David H. Kwasniewski, Esq. (SBN: 281985)
   kwasniewski@braunhagey.com
3  H. Chelsea Tirgardoon, Esq. (SBN: 340119)
   tirgardoon@braunhagey.com
4  BRAUNHAGEY & BORDEN LLP
   747 Front Street, 4th Floor
5  San Francisco, CA 94111
   Tel: (415) 599-0210
6  Fax: (415) 276-1808

7  *Attorneys for Defendants The Simply Good Foods Co. and Only What You Need, Inc.*

8
   George V. Granade (SBN: 316050)
9  ggranade@reesellp.com
   REESE LLP
10 8484 Wilshire Boulevard, Suite 515
   Los Angeles, CA 90211
11 Tel: (310) 393-0070

12 Michael R. Reese (SBN: 206773)
   mreese@reesellp.com
13 REESE LLP
   100 West 93rd Street, 16th Floor
14 New York, NY 10025
   Tel: (212) 643-0500
15
   Alec Pressly (SBN: 348054)
16 alec@presslylegal.com
   THE LAW OFFICE OF ALEC PRESSLY
17 3110 Main Street Building C, #331
   Santa Monica, CA 90405
18 Tel: (603) 809-6601

19 *Attorneys for Plaintiff Emmett Enriques and the Proposed Class*

20

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| EMMETT ENRIQUES, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>ONLY WHAT YOU NEED, INC., *a Delaware Corporation*; THE SIMPLY GOOD FOODS COMPANY, *a Delaware Corporation*; *and* DOES 1 *through* 70, INCLUSIVE,<br><br>Defendants. | Case No. 2:24-cv-08969-GW-BFM<br><br>**STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

1. **Purpose.** This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure and any other applicable orders and rules.

2. **Cooperation.** The parties are aware of the importance of cooperation in discovery and commit to cooperate in good faith throughout the matter.

3. **Exchange of e-discovery materials.** Within 15 days of the entry of this Order, the parties shall exchange the following information:

    a. a list of the most likely custodians of relevant electronic materials;

    b. a list of each relevant electronic system and a general description of each system;

    c. other pertinent information about the parties' electronic documents and whether those documents are of limited accessibility, that is, those created or used by electronic media no longer in use, maintained in redundant electronic storage media, or for which retrieval involves substantial cost;

    d. a general description of the parties' electronic document retention policies; and

    e. a description of any problems reasonably anticipated to arise in connection with e-discovery.

4. **Search methodology.**

    a. Within 7 days of the receipt of the information specified in section 3, a party seeking ESI shall identify proposed search terms and a proposed search methodology(ies) for the electronic systems and custodians for which a search is requested, *provided, however*, that if Plaintiff has questions regarding the materials provided pursuant to section 3, Plaintiff may inform Defendants within the 7-day period referenced above that Plaintiff elects to depose representative(s) of Defendants for the purposes of obtaining more information regarding each of the topics set forth in section 3, and in the event that such deposition(s) take place, Plaintiff will

have until 7 days after receipt of the last transcript of the deposition(s) to provide Defendants with proposed search terms and a proposed search methodology(ies) for the electronic systems and custodians for which a search is requested;

  b. Within 10 days of the receipt of a list of search terms and a proposed methodology(ies), the party from whom ESI is sought shall either indicate that it will conduct the proposed searches or meet and confer with the requesting party to reach an agreement on the search terms and methodology(ies). If the parties are unable to reach an agreement about search terms or methodology(ies), they may raise the issue(s) with the Court pursuant to its procedures for adjudicating discovery disputes.

5. **Timing of e-discovery.** Discovery of electronic documents shall proceed in the following sequenced fashion:

  a. Electronic searches shall be conducted in the manner specified in section 4.

  b. Electronic searches of documents identified as of limited accessibility shall not be conducted until the initial electronic document search has been completed and the party requesting a search of limited accessibility documents submits a request that is narrowly focused with a factual basis supporting the request, *provided, however*, that if relevant information is only available in documents identified as of limited accessibility, the parties will cooperate in good faith to arrange for the mutually acceptable production of such documents.

  c. On-site inspections of electronic media shall not be permitted absent exceptional circumstances where good cause and specific need have been demonstrated. If relevant information is only accessible on-site, then the "exceptional circumstances" referred to in this provision shall be deemed to have been shown, but a showing of good cause and specific need must still be made.

6. **Format.** Unless the parties agree otherwise,[1] electronic documents other than Excel files, spreadsheets, PowerPoints, video files, and audio files shall be produced to the requesting party as image files (e.g., PDF or TIFF). When the image file is produced, the producing party must preserve the integrity of the electronic document's contents, i.e., the original formatting of the document, its metadata, and, where applicable, its revision history. Setting aside Excel files, spreadsheets, PowerPoints, video files, and audio files, after initial production in image file format is complete, a party must demonstrate particularized need for production of electronic documents in their native format. Excel files, spreadsheets, PowerPoints, video files, and audio files shall be produced only in native format. The parties agree not to degrade the searchability of documents as part of the document production process.

7. **Privilege.**

    a. If a document contains both privileged and non-privileged information, the parties shall redact the document rather than withholding it in its entirety if redaction is reasonably possible.

    b. If a party redacts or withholds any ESI on the ground of attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or doctrine, that party, within 30 days of the date of completion of the ESI production, shall identify all such documents redacted or withheld on a log. The log shall contain the following information:

        i. The Bates number of the document redacted or being withheld;

        ii. The date the document was created and/or transmitted;

        iii. The identity of individuals who created, transmitted, and/or received the document;

        iv. A brief description of the document; and

---

[1] If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents.

v. The basis for redacting or withholding the document.

c. Notwithstanding section 7(b), the parties agree that all communications between the parties and their outside counsel of record in this matter, and all communications involving only outside counsel of record in this matter, are privileged, and the parties need not produce such communications nor include them on any privilege log.

d. ESI that contain privileged information or attorney work product shall be immediately returned if the documents appear on their face to have been inadvertently produced of if there is notice of the inadvertent production. All copies shall be returned or destroyed by the receiving party.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: April 28, 2025         */s/ George Granade* (with authorization)
                              Counsel for Plaintiff

Dated: April 28, 2025         */s/ David Kwasniewski*
                              Counsel for Defendants

### ATTESTATION

Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), the filer attests that concurrence in the filing of this document has been obtained from the signatories above.

**IT IS ORDERED** that the foregoing Agreement is approved.

Dated: APRIL 29, 2025         _[signature]_

                              HON. BRIANNA FULLER MIRCHEFF
                              UNITED STATES MAGISTRATE JUDGE