George V. Granade (State Bar No. 316050)
ggranade@reesellp.com
**REESE LLP**
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile: (212) 253-4272

Michael R. Reese (State Bar No. 206773)
mreese@reesellp.com
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

Alec Pressly (State Bar No. 348054)
alec@presslylegal.com
**THE LAW OFFICE OF ALEC PRESSLY**
3110 Main Street Building C, #331
Santa Monica, California 90405
Telephone: (603) 809-6601

*Counsel for Plaintiff Emmett Enriques
and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| EMMETT ENRIQUES, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>ONLY WHAT YOU NEED, INC., *a Delaware Corporation*; THE SIMPLY GOOD FOODS COMPANY, *a Delaware Corporation*; *and* DOES 1 *through* 70, *inclusive*,<br><br>Defendants. | Case No. 2:24-cv-08969-GW-BFM<br><br>**DECLARATION OF GEORGE V. GRANADE IN SUPPORT OF PLAINTIFF EMMETT ENRIQUES' MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Date: June 26, 2025<br>Time: 8:30 a.m.<br>Place: Courtroom 9D, 9th Floor<br>Judge: Honorable George H. Wu |

DECLARATION OF GEORGE V. GRANADE

Pursuant to 28 U.S.C. § 1746, I, George V. Granade, declare as follows:

1. I am a partner at the law firm of Reese LLP, which is co-counsel for Plaintiff Emmett Enriques ("Plaintiff" or "Enriques") in the above-captioned action against Defendants Only What You Need, Inc. ("OWYN") and The Simply Good Foods Company (together, "Defendants").

2. I am a member in good standing of the bars of the States of California, New York, and Georgia, as well as the bars of the United States Courts of Appeals for the Ninth Circuit and the Second Circuit and the United States District Courts for the Northern District of California, Southern District of California, Central District of California, Eastern District of California, Northern District of New York, Southern District of New York, Western District of New York, Eastern District of New York, Northern District of Illinois, Southern District of Illinois, Northern District of Georgia, Middle District of Georgia, and District of New Mexico.

3. I respectfully submit this declaration in support of Plaintiffs' Motion for Leave to File First Amended Class Action Complaint, filed concurrently herewith.

4. The facts set forth in this declaration are based on personal knowledge or on information I obtained from my co-counsel, and I could competently testify to them if called upon to do so.

5. Attached hereto as **Exhibit 1** is a true and correct copy of Enriques' proposed First Amended Class Action Complaint.

6. Attached hereto as **Exhibit 2** is a redline between the operative Class Action Complaint, ECF No. 1-1, and Enriques' proposed First Amended Class Action Complaint (Exhibit 1 hereto).

7. Plaintiff served OWYN with 18 interrogatories and 45 requests for production of documents on November 25, 2024.

8. Pursuant to an agreement of the parties, OWYN served its responses to Plaintiff's interrogatories and document requests on January 10, 2025.

9.      On January 10, 2025, OWYN also produced the only seven pages of documents that it has produced to date.

10.     Enriques sat for his deposition on January 28, 2025. Attached hereto as **Exhibit 3** is a true and correct copy of excerpts of the transcript of the deposition, along with a true and correct copy of Exhibit 4 to the deposition. The excerpts have been highlighted to indicate portions cited in the briefs. Exhibit 4 to the deposition is the final page of this Exhibit 3.

11.     On February 10, 2025, David Kwasniewski, counsel for Defendants, called me and stated that because (according to Mr. Kwasniewski) Plaintiff had testified in his deposition that he did not purchase any of the protein shakes at issue, he should dismiss his case. I responded that that was not my understanding of Enriques' testimony during the deposition and that Enriques was unlikely to dismiss his case; however, because I had not yet received the transcript of Enriques' deposition, I stated that I would review the transcript when I received it to confirm my memory.

12.     I received the transcript of the Enriques deposition by email from the court reporter on February 12, 2025.

13.     Enriques served OWYN with a discovery deficiency letter on February 14, 2025. A true and correct copy of the deficiency letter is attached hereto as **Exhibit 4**.

14.     On the morning of February 24, 2025, counsel for Defendants sent Plaintiff's counsel a letter. A true and correct copy of the letter is attached hereto as **Exhibit 5**.

15.     On the afternoon of February 24, 2025, counsel for the parties met and conferred by telephone about Plaintiff's letter of February 14, 2025. During the call, the parties also discussed Defendant's letter of that morning (Exhibit 5 hereto). Quoting from the transcript of Enriques' deposition, I stated that Enriques' testimony showed that he had purchased the Elite PRO Vanilla 330 mL tetra pak, the third

1  product listed in the first paragraph of the Complaint. I also indicated Plaintiff's counsel would consider the possibility of amending the pleading to specify which Shakes Plaintiff purchased. The parties did not finish discussing Plaintiff's letter during the call. Attached hereto as **Exhibit 6** is a true and correct copy of an email I sent defense counsel and my co-counsel on February 25, 2025, memorializing the meet and confer of February 24, 2025.

16. The parties continued the meet-and-confer by Zoom on March 4, 2025. During the conference, the parties discussed the remainder of Plaintiff's letter, and counsel for OWYN indicated in connection with many document requests that Enriques would be able to obtain the documents he seeks through the use of an ESI protocol. The parties also again discussed Plaintiff's deposition testimony. Defense counsel indicated he believed paragraph 5 of the Complaint is false because paragraph 5 indicates Plaintiff purchased all five Shakes at issue, but Plaintiff testified he did not purchase all of the Shakes. On March 5, 2025, Defense counsel sent an email regarding the meet-and-confer, a true and correct copy of which is attached hereto as **Exhibit 7**. On March 6, 2025, I sent an email memorializing Plaintiff's counsel's understanding of the meet-and-confer, a true and correct copy of which is attached hereto as **Exhibit 8**. In connection with a discussion of Defendants' statements regarding sanctions, I asked if Defendants would be open to stipulating to an amendment of the pleading and admitted Plaintiff did not purchase four of the five Shakes at issue, though I denied that anything Plaintiff or his counsel had done was sanctionable.

17. OWYN's counsel sent Plaintiff's counsel a proposed ESI protocol on March 7, 2025.

18. I was in Turin, Italy, from March 11, 2025, to March 16, 2025, in connection with a presentation I gave at a conference of the International Association of Lawyers (UIA).

19. On April 2, 2025, counsel for Enriques sent counsel for OWYN

proposed edits to the ESI protocol.

20. I emailed OWYN's counsel asking if OWYN had any further edits to the ESI protocol on April 8, 2025, April 10, 2025, and April 17, 2025.

21. OWYN's counsel emailed on April 14, 2025, and stated that OWYN would "get back to [Plaintiff] soon," and OWYN sent proposed revisions on April 21, 2025.

22. I emailed OWYN's counsel with a single question regarding the method of production of Excel files and spreadsheets on April 21, 2025. Specifically, I wanted to know why OWYN would not agree to produce Excel files and spreadsheets as native files, since these files are usually unwieldy in OWYN's proposed format, TIFF images. I followed up by email on April 23, 2025, and April 25, 2025.

23. OWYN's counsel responded on April 25, 2025, and the parties reached agreement on the proposed ESI protocol the same day.

24. On May 14, 2025, defense counsel emailed the following:

Pursuant to the ESI Protocol, OWYN makes the following disclosure:

- Custodian(s): Brad Moose
- Electronic system: OWYN has emails and files on a central storage system
- Other information: N/A
- Document Retention: OWYN preserves all documents
- Restrictions: N/A

25. Pursuant to paragraph 4.a of the ESI protocol, on May 21, 2025, Plaintiff served Rule 30(b)(6) deposition notices on OWYN and The Simply Good Foods Company.

26. It is unknown how long it will take OWYN to conduct searches and produce documents once the parties reach agreement on the search terms in accordance with the ESI protocol. After document production is complete, Plaintiff will want to depose representatives of OWYN, having the benefit of documents that

OWYN has produced in discovery.

27. On March 4, 2025, Plaintiff's counsel commissioned a test of the Elite PRO Chocolate 330 mL shake for, among other things, the protein level, the total carbohydrate level, and the dietary fiber level in the shake. On March 26, 2025, Plaintiff's counsel received the results.

28. Plaintiff sent Defendants a CLRA demand letter via certified mail, return receipt requested, on April 2, 2025. Attached hereto as **Exhibit 9** is a true and correct copy of the CLRA demand letter. Defendants failed to comply with the letter within the 30 day period.

29. I emailed Defendants' counsel on April 21, 2025, to discuss the schedule on Plaintiff's motion for class certification and to inform Defendants that Plaintiff intended to seek Defendants' consent to file an amended complaint reflecting additional claims regarding the Elite PRO Chocolate 330mL shake in connection with the CLRA demand letter of April 2, 2025.

30. I sent and email on May 2, 2025 that asked Defendants' counsel to provide his availability to meet and confer about a motion for leave to amend.

31. On May 9, 2025, a meet-and-confer Zoom conference was set for May 13, 2025.

32. Pursuant to Local Rule 7-3, I met and conferred with David Kwasniewski regarding Plaintiff's motion for leave to amend via Zoom conference on May 13, 2025.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 29, 2025, at Fairbanks, Alaska.

By: _/s/ George V. Granade_
George V. Granade