EXHIBIT 4

# REESE LLP

**Via Email**                                          February 14, 2025
David Kwasniewski
*kwasniewski@braunhagey.com*
**BRAUNHAGEY & BORDEN LLP**
747 Front Street, 4th Floor
San Francisco, California 94111
Telephone: (415) 599-0210

Re:    Request to Meet and Confer Within 10 Days Regarding Defendant Only What You Need, Inc.'s Discovery Responses Pursuant to Local Rule 37-1
*Enriques v. Only What You Need, Inc.*, No. 2:24-cv-08969-GW-BFM (C.D. Cal.)

David:

We write on behalf of Emmett Enriques, the plaintiff in the above-referenced action ("Plaintiff"), pursuant to the individual procedures of Honorable Magistrate Judge Brianna Fuller Mircheff and Local Rule 37-1 of the Local Civil Rules of the United States District Court for the Central District of California, to request to meet and confer by Zoom videoconference within 10 days regarding deficiencies in the responses provided by Defendant Only What You Need, Inc. ("OWYN" or "Defendant") to Plaintiff's first interrogatories ("ROG") and first requests for production of documents ("RFP").[1] Please provide dates and times during the next 10 days during which you are available to meet and confer by Zoom regarding the issues below.

## OVERARCHING ISSUES

**1.  Issue:** In its Preliminary Statements in response to the ROGs and to the RFPs, OWYN states it "will assume no obligation to voluntarily supplement these responses to reflect information, evidence, documents, or things discovered following service of these responses."

**Plaintiff's Position:** OWYN's statement above contradicts Federal Rule of Civil Procedure 26(e), which states that "[a] party . . . who has responded to an interrogatory, [or] request for production . . . must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court." Plaintiff demands that OWYN withdraw the statement above from its Preliminary Statements to the ROGs and the RFPs and agree to comply with Rule 26(e) as to all discovery requests.

**Terms of the Discovery Order to Be Sought:** Plaintiff seeks an order requiring OWYN to withdraw the statement above from its Preliminary Statements to the ROGs and the RFPs and to comply with Rule 26(e) as to all discovery requests.

---

[1] Plaintiff served his first ROGs and first RFPs on OWYN on November 25, 2024. Pursuant to an agreement of the parties, OWYN served its responses on January 10, 2025.

**2. Issue:** In its general objections to the RFPs, OWYN states, "OWYN objects to these requests to the extent they seek information subject to non-disclosure and/or confidentiality agreements such that production and/or disclosure of such information would violate OWYN's obligations and/or duties to such third parties." Similarly, in its general objections to the ROGs and to the RFPs, OWYN objects to every ROG or RFP "to the extent it seeks . . . information protected from disclosure by law or any agreement or court order with respect to confidentiality or nondisclosure."

**Plaintiff's Position:** OWYN's blanket statements that certain unspecified documents or information may be protected from disclosure by agreements with third parties or by court orders are not sufficient. OWYN must identify which documents or information it refuses to produce and identify the non-disclosure or confidentiality agreement or court order that bars production of the documents or information. Typically, confidentiality provisions in third-party contracts provide a mechanism to notify the parties to the contract and afford those parties an opportunity to object in court. Typical court orders regarding confidentiality are similar. OWYN does not represent it has made any effort to invoke any such mechanisms.

**Terms of the Discovery Order to Be Sought:** Plaintiff seeks an order requiring OWYN to identify all confidentiality or non-disclosure agreements with third parties or court orders that OWYN contends prevent disclosure of documents or information in this case, or alternatively overruling OWYN's objections on these grounds.

**3. Issue:** Many of OWYN's responses to the ROGs and RFPs state that OWYN will respond, subject to the entry of a protective order. A protective order is now in place. ECF Nos. 22-23.

**Plaintiff's Position:** Because a protective order is now in place, OWYN should amend its responses to the ROGs and RFPs to remove any and all objections to responding prior to entry of a protective order.

**Terms of the Discovery Order to Be Sought:** Plaintiff seeks an order requiring OWYN to amend its responses to the ROGs and RFPs to remove any and all objections to responding prior to entry of a protective order.

## INTERROGATORIES

**1. Issue:** OWYN's response to ROG 1, set forth below, is deficient.

Interrogatory No. 1:
Identify all Persons, including their title or position, that have specific, detailed knowledge or information relevant to the facts alleged and the claims asserted in the Complaint, and the scope and nature of each Person's knowledge.
Response to Interrogatory No. 1:
OWYN incorporates each of its General Objections as set forth herein. OWYN objects to this interrogatory as unduly burdensome, including insofar as it seeks to impose improper and disproportionate discovery obligations on OWYN given the needs of this case. OWYN further objects to this interrogatory to the extent it seeks information that is

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OWYN objects to this interrogatory as vague and ambiguous. OWYN also objects to this interrogatory on the grounds that it is compound. OWYN also objects to this interrogatory as unreasonably cumulative and duplicative of other interrogatories and discovery. OWYN objects to this interrogatory as unduly burdensome to the extent that it seeks confidential, trade secret, or proprietary business, technical, or financial information, and to the extent it seeks information protected by privacy rights.

OWYN is willing to meet and confer with Plaintiff regarding the topics of inquiry and identify a qualified 30(b)(6) witness to testify in this matter.

**Plaintiff's Position:** ROG 1, by its plain terms, seeks relevant information. *See* FED. R. CIV. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . .").

And OWYN's only objections to ROG 1 are unexplained and unsupported boilerplate objections, which are improper. "[B]oilerplate objections do *not* suffice and there is no ground upon which to reasonably argue otherwise." *Enciso v. Jackson Nat'l Life Ins. Co.*, No. 21-cv-09205-DMG-PVC, 2023 WL 9687512, at *4 (C.D. Cal. Nov. 30, 2023) (collecting cases); *accord Leprino Foods Co. v. Avani Outpatient Surgical Ctr., Inc.*, No. 2:22-cv-07434-DSF-JC, 2024 WL 4488711, at *9 (C.D. Cal. Sept. 30, 2024) ("[B]oilerplate objections are improper."). "[O]bjections should be plain enough and *specific* enough so that the court can understand in what way the [discovery requests] are alleged to be objectionable." *Tubio v. Adidas Am. Inc.*, No. 22-cv-06424-GW-PVC, 2023 WL 9420334, at *3 (C.D. Cal. Nov. 27, 2023) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)); *see also* FED. R. CIV. P. 33(b)(4).

OWYN's proposal to identify a Rule 30(b)(6) witness at an unspecified future date is patently insufficient. Plaintiff has not served a Rule 30(b)(6) notice yet. But even if he had, identification of a single Rule 30(b)(6) witness is insufficient to respond to the request, which seeks the identities of "all" persons with responsive knowledge or information (along with the scope and nature of each person's knowledge).

**Terms of the Discovery Order to Be Sought:** Plaintiff seeks an order requiring OWYN to provide an appropriate and full response to ROG 1.

2. **Issue:** OWYN's response to ROG 2, set forth below, is deficient.

Interrogatory No. 2:
List the names, addresses, telephone numbers, email addresses, and other contact information of all Consumers, known to you, that purchased the Products.

Response to Interrogatory No. 2:
OWYN incorporates each of its General Objections as set forth herein. OWYN objects to this interrogatory as unduly burdensome, including insofar as it seeks to impose improper and disproportionate discovery obligations on OWYN given the needs of this case. OWYN further objects to this interrogatory to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OWYN objects to this interrogatory as vague and ambiguous. OWYN also objects to this

interrogatory on the grounds that it is compound. OWYN also objects to this interrogatory as unreasonably cumulative and duplicative of other interrogatories and discovery. OWYN objects to this interrogatory as unduly burdensome to the extent that it seeks confidential, trade secret, or proprietary business, technical, or financial information, and to the extent it seeks information protected by privacy rights. OWYN objects to this request as overbroad as to time and accordingly limits its response to from September 12, 2020 to the present.

Subject to and without waiving the foregoing objections, responds as follows: OWYN will conduct a reasonable search to collect and produce non-privileged documents within its custody and control, to the extent they exist, sales data of the Product from September 12, 2020 to the present, subject to the entry of a protective order.

**Plaintiff's Position:** OWYN's only objections to ROG 2 are unexplained and unsupported boilerplate objections, which are improper. *Enciso*, 2023 WL 9687512, at *4; *Tubio*, 2023 WL 9420334, at *3.

OWYN's substantive response fails to address Plaintiff's request. ROG 2 asks for "names, addresses, telephone numbers, email addresses, and other contact information," but OWYN has promised to provide "sales data." OWYN should agree to provide names and contact information as requested in ROG 2, or if it possesses no responsive information, it should so state.

**Terms of the Discovery Order to Be Sought:** Plaintiff seeks an order requiring OWYN to provide names and contact information as requested in ROG 2, or if OWYN possesses no responsive information, requiring OWYN to so state in its response.

3. **Issue:** OWYN's response to ROG 3, set forth below, is deficient.

Interrogatory No. 3:
For each month during the Relevant Time Period, state the sales in California and in the United States, in units and dollar amounts, of each UPC of the Product.

Response to Interrogatory No. 3:
OWYN incorporates each of its General Objections as set forth herein. OWYN objects to this interrogatory as unduly burdensome, including insofar as it seeks to impose improper and disproportionate discovery obligations on OWYN given the needs of this case. OWYN further objects to this interrogatory to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OWYN objects to this interrogatory as vague and ambiguous. OWYN also objects to this interrogatory on the grounds that it is compound. OWYN also objects to this interrogatory as unreasonably cumulative and duplicative of other interrogatories and discovery. OWYN objects to this interrogatory as unduly burdensome to the extent that it seeks confidential, trade secret, or proprietary business, technical, or financial information, and to the extent it seeks information protected by privacy rights.

Subject to and without waiving the foregoing objections, OWYN responds as follows: OWYN will conduct a reasonable search to collect and produce non-privileged documents within its custody and control, to the extent they exist, sufficient to summarize the amount of gross sales, in units and dollars, of the Product in the State of California

from September 12, 2020 to the present, subject to the entry of a protective order.

**Plaintiff's Position:** OWYN's only objections to ROG 3 are unexplained and unsupported boilerplate objections, which are improper. *Enciso*, 2023 WL 9687512, at *4; *Tubio*, 2023 WL 9420334, at *3.

OWYN's substantive response is deficient for three reasons. First, OWYN only agrees to respond with respect to sales in California, but the request asks for sales in both California and the United States. OWYN offers no explanation for its omission of United States sales data. And for avoidance of doubt, the request for United Sales data is proper, since the scope of discovery is determined by reference to the scope of the complaint, *Ecological Rts. Found. v. Hot Line Constr., Inc.*, No. 20-cv-01108-AB-KK, 2022 WL 2101902, at *3 (C.D. Cal. Apr. 14, 2022); *see also That One Video Ent. LLC v. Koil Content Creation Pty Ltd.*, No. 2:23-cv-02687-SVW-JC, 2024 WL 5317155, at *5 (C.D. Cal. July 25, 2024) ("[R]elevance is determined by reference to the pleadings."), and Plaintiff alleges a nationwide class, Compl. ¶ 90.b, ECF No. 1-1.

Second, it is not clear whether OWYN has agreed to provide data for each month during the period from September 12, 2020, to the present. OWYN should provide data for each month, as requested.

Third, it is not clear whether OWYN has agreed to provide data for each UPC of the Product. OWYN should provide data for each UPC of the Product, as requested.

**Terms of the Discovery Order to Be Sought:** Plaintiff seeks an order requiring OWYN to amend its response: (i) to agree to also provide sales data for the United States; (ii) to state that the sales data it provides will be for each month during the period from September 12, 2020, to the present; and (iii) to state that it will provide sales data for each UPC of the Product.

4. **Issue:** OWYN's response to ROG 4, set forth below, is deficient.

Interrogatory No. 4:
For each month during the Relevant Time Period, identify the average wholesale and average retail price, in dollar amounts, of each UPC of the Product.
Response to Interrogatory No. 4:
OWYN incorporates each of its General Objections as set forth herein. OWYN objects to this interrogatory as unduly burdensome, including insofar as it seeks to impose improper and disproportionate discovery obligations on OWYN given the needs of this case. OWYN further objects to this interrogatory to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OWYN objects to this interrogatory as vague and ambiguous. OWYN also objects to this interrogatory as unreasonably cumulative and duplicative of other interrogatories and discovery. OWYN objects to this interrogatory as unduly burdensome to the extent that it seeks confidential, trade secret, or proprietary business, technical, or financial information, and to the extent it seeks information protected by privacy rights.
Subject to and without waiving the foregoing objections, OWYN responds as follows: OWYN will conduct a reasonable search to collect and produce non-privileged

documents within its custody and control, to the extent they exist, sufficient to show the average retail price of the Product from September 12, 2020 to the present, subject to the entry of a protective order.

**Plaintiff's Position:** OWYN's only objections to ROG 4 are unexplained and unsupported boilerplate objections, which are improper. *Enciso*, 2023 WL 9687512, at *4; *Tubio*, 2023 WL 9420334, at *3.

OWYN's substantive response is deficient for three reasons. First, OWYN only agrees to respond with respect to the average retail price, but the request asks for the average wholesale price and the average retail price. OWYN offers no explanation for its omission of the average wholesale price.

Second, it is not clear whether OWYN has agreed to provide responsive prices for each month during the period from September 12, 2020, to the present. OWYN should provide responsive prices for each month, as requested.

Third, it is not clear whether OWYN has agreed to provide responsive prices for each UPC of the Product. OWYN should provide responsive prices for each UPC of the Product, as requested.

**Terms of the Discovery Order to Be Sought:** Plaintiff seeks an order requiring OWYN to amend its response: (i) to agree to also provide average wholesale prices; (ii) to state that the prices it provides will be for each month during the period from September 12, 2020, to the present; and (iii) to state that it will provide responsive prices for each UPC of the Product.

5.  **Issue:** OWYN's responses to ROGs 5 and 6, set forth below, are deficient.

Interrogatory No. 5:
For each Product label you produce in response to Plaintiff's Request for Production of Documents No. 1, identify the geographic area(s) in which you used the label on the Product packaging.
Response to Interrogatory No. 5:
OWYN incorporates each of its General Objections as set forth herein. OWYN objects to this interrogatory as unduly burdensome, including insofar as it seeks to impose improper and disproportionate discovery obligations on OWYN given the needs of this case. OWYN further objects to this interrogatory to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OWYN objects to this interrogatory as vague and ambiguous. OWYN also objects to this interrogatory as unreasonably cumulative and duplicative of other interrogatories and discovery. OWYN objects to this interrogatory as unduly burdensome to the extent that it seeks confidential, trade secret, or proprietary business, technical, or financial information, and to the extent it seeks information protected by privacy rights. OWYN objects to this request as overbroad as to time and accordingly limits its response to from September 12, 2020 to the present.
Subject to and without waiving the foregoing objections, OWYN responds as follows: OWYN will meet and confer with Plaintiff regarding the scope of this Interrogatory and

then will provide responsive documents or information within its custody and control, to the extent they exist, subject to the entry of a protective order.

Interrogatory No. 6:

For each geographic area identified in response to Interrogatory No. 5 of this set of Interrogatories, identify the time period(s) during which You used the label on the Product packaging in that geographic area (including beginning and ending dates by month, day, and year).

Response to Interrogatory No. 6:

OWYN incorporates each of its General Objections as set forth herein. OWYN objects to this interrogatory as unduly burdensome, including insofar as it seeks to impose improper and disproportionate discovery obligations on OWYN given the needs of this case. OWYN further objects to this interrogatory to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OWYN objects to this interrogatory as vague and ambiguous. OWYN also objects to this interrogatory on the grounds that it is compound. OWYN also objects to this interrogatory as unreasonably cumulative and duplicative of other interrogatories and discovery. OWYN objects to this interrogatory as unduly burdensome to the extent that it seeks confidential, trade secret, or proprietary business, technical, or financial information, and to the extent it seeks information protected by privacy rights. OWYN objects to this interrogatory as overbroad as to time and accordingly limits its response to from September 12, 2020 to the present.

Subject to and without waiving the foregoing objections, OWYN responds as follows: OWYN will meet and confer with Plaintiff regarding the scope of this Interrogatory and then will provide responsive documents or information within its custody and control, to the extent they exist, subject to the entry of a protective order.

**Plaintiff's Position:** OWYN's only objections to ROGs 5 and 6 are unexplained and unsupported boilerplate objections, which are improper. *Enciso*, 2023 WL 9687512, at *4.

In its substantive responses to ROGs 5 and 6, OWYN states it will meet and confer with Plaintiff regarding the scope of these ROGs, but OWYN has identified no issues with the scope of the ROGs as drafted. Plaintiff does not understand what OWYN wants to meet and confer about. Plaintiff demands that OWYN respond to ROGs 5 and 6 as drafted, except that Plaintiff agrees to limit the time period to September 12, 2020, to the present.

**Terms of the Discovery Order to Be Sought:** Plaintiff seeks an order requiring OWYN to respond to ROGs 5 and 6 as drafted, except with respect to the timeframe, which Plaintiff agrees to narrow to September 12, 2020, to the present.

6. **Issue:** OWYN's response to ROG 7, set forth below, is deficient.

Interrogatory No. 7:

Identify each compositional change made to each UPC of each Product, including changes to carbohydrate content, dietary fiber content, sugar content, and protein content. For each change, state (a) what was changed (b) why the change was made; and (c) when

the change was made.

Response to Interrogatory No. 7:

OWYN incorporates each of its General Objections as set forth herein. OWYN objects to this interrogatory as unduly burdensome, including insofar as it seeks to impose improper and disproportionate discovery obligations on OWYN given the needs of this case. OWYN further objects to this interrogatory to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OWYN objects to this interrogatory as vague and ambiguous. OWYN also objects to this interrogatory on the grounds that it is compound. OWYN also objects to this interrogatory as unreasonably cumulative and duplicative of other interrogatories and discovery. OWYN objects to this interrogatory as unduly burdensome to the extent that it seeks confidential, trade secret, or proprietary business, technical, or financial information, and to the extent it seeks information protected by privacy rights. OWYN objects to this interrogatory as overbroad as to time and accordingly limits its response to from September 12, 2020 to the present.

Subject to and without waiving the foregoing objections, OWYN responds as follows: OWYN will conduct a reasonable search to collect and produce non-privileged documents within its custody and control sufficient to identify the Product labels from September 12, 2020 to the present, subject to the entry of a protective order.

**Plaintiff's Position:** OWYN's only objections to ROG 7 are unexplained and unsupported boilerplate objections, which are improper. *Enciso*, 2023 WL 9687512, at *4.

OWYN's substantive response is deficient for four reasons. First, OWYN has only agreed to identify Product labels. A sufficiently robust production of Product labels could in theory identify, with respect to each compositional change, "what was changed" and "when the change was made." OWYN's response is unclear, however, whether the production will in fact be sufficient to identify, with respect to all compositional changes, "what was changed" and "when the change was made." Plaintiff demands that OWYN amend its response to clarify that the label production will be sufficient to identify, with respect to all compositional changes, "what was changed" and "when the change was made."

Second, ROG 7 also asks, with respect to each compositional change, "why the change was made." OWYN has offered no explanation for its failure to state, with respect to each compositional change, "why the change was made." Plaintiff demands that OWYN amend its response to identify, with respect to each compositional change, "why the change was made."

Third, OWYN only agrees to respond to ROG 7 with respect to the period from September 12, 2020, to the present. OWYN has offered no explanation for this limitation. And it is important for OWYN's response to cover the full Relevant Time Period (i.e., the period from January 1, 2017, to the present, including "all information and Documents relating to such period even though prepared, published, sent, or received, in whole or in part, prior to that period") because Plaintiff needs to understand how the Products developed during initial formulation, for reasons including that it will allow Plaintiff to ascertain a trend of macronutrient contents in the Products, and, similarly, Plaintiff needs to understand whether OWYN changed the composition of the Product during its early stages and if so, why (e.g., did early Product testing reveal that there

were problems with the levels of carbohydrates, dietary fiber, sugar, or protein in the Products?). Plaintiff demands that OWYN amend its response to agree to provide responsive information for the full Relevant Time Period.

Fourth, it is not clear whether OWYN has agreed to respond to ROG 7 with respect to each UPC of the Product. OWYN should respond to ROG 7 with respect to each UPC of the Product, as requested.

**Terms of the Discovery Order to Be Sought:** Plaintiff seeks an order requiring OWYN to amend its response: (i) to clarify that its label production will be sufficient to identify, with respect to all compositional changes, "what was changed" and "when the change was made"; (ii) to identify, with respect to each compositional change, "why the change was made"; (iii) to agree to provide responsive information for the full Relevant Time Period as defined in the ROGs; and (iv) to state that OWYN will respond with respect to each UPC of the Product.

7. **Issue:** OWYN's response to ROG 8, set forth below, is deficient.

Interrogatory No. 8:
Identify all instances in which You received complaints or inquiries from Consumers, regulatory authorities, or third parties regarding the accuracy of any Representation on the Product labeling. For each instance, provide the following: (a) the nature of the complaint or inquiry; (b) the date the complaint or inquiry was received; and (c) the steps You took in response to the complaint or inquiry.
Response to Interrogatory No. 8:
OWYN incorporates each of its General Objections as set forth herein. OWYN objects to this interrogatory as unduly burdensome, including insofar as it seeks to impose improper and disproportionate discovery obligations on OWYN given the needs of this case. OWYN further objects to this interrogatory to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OWYN objects to this interrogatory as vague and ambiguous. OWYN also objects to this interrogatory on the grounds that it is compound. OWYN also objects to this interrogatory as unreasonably cumulative and duplicative of other interrogatories and discovery. OWYN objects to this interrogatory as unduly burdensome to the extent that it seeks confidential, trade secret, or proprietary business, technical, or financial information, and to the extent it seeks information protected by privacy rights. OWYN objects to this interrogatory as overbroad as to time and accordingly limits its response to from September 12, 2020 to the present.
Subject to and without waiving the foregoing objections, OWYN responds as follows: OWYN is willing to meet and confer with Plaintiff regarding appropriate limitations to Plaintiff's overbroad interrogatory.

**Plaintiff's Position:** OWYN's only objections to ROG 8 are unexplained and unsupported boilerplate objections, which are improper. *Enciso*, 2023 WL 9687512, at *4.

In its substantive response to ROG 8, OWYN states it will meet and confer with Plaintiff regarding "appropriate limitations to Plaintiff's overbroad interrogatory," but OWYN has

identified no reason why it believes ROG 8 is overbroad. Plaintiff does not understand what OWYN wants to meet and confer about. Plaintiff demands that OWYN respond to ROG 8 as drafted, except that Plaintiff agrees to limit the time period to September 12, 2020, to the present.

**Terms of the Discovery Order to Be Sought:** Plaintiff seeks an order requiring OWYN to respond to ROG 8 as drafted, except that Plaintiff agrees to limit the time period to September 12, 2020, to the present.

8. **Issue:** OWYN's responses to ROGs 9, 10, and 11, set forth below, are deficient.

Interrogatory No. 9:
How do You define the term "Net Carbs" as used on the Product labeling?
Response To Interrogatory No. 9:
OWYN incorporates each of its General Objections as set forth herein. OWYN objects to this interrogatory as unduly burdensome, including insofar as it seeks to impose improper and disproportionate discovery obligations on OWYN given the needs of this case. OWYN further objects to this interrogatory to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OWYN objects to this interrogatory as vague and ambiguous. OWYN also objects to this interrogatory as unreasonably cumulative and duplicative of other interrogatories and discovery. OWYN objects to this interrogatory as unduly burdensome to the extent that it seeks confidential, trade secret, or proprietary business, technical, or financial information, and to the extent it seeks information protected by privacy rights.
Subject to and without waiving the foregoing objections, OWYN responds as follows: OWYN is willing to meet and confer with Plaintiff regarding the topics of inquiry and identify a qualified 30(b)(6) witness to testify in this matter.

Interrogatory No. 10:
Identify each instance in which your definition of "Net Carbs," as provided in response to Interrogatory No. 9 of this set of Interrogatories, is set forth on Your Product's labels, Your website, and Your marketing materials.
Response to Interrogatory No. 10:
OWYN incorporates each of its General Objections as set forth herein. OWYN objects to this interrogatory as unduly burdensome, including insofar as it seeks to impose improper and disproportionate discovery obligations on OWYN given the needs of this case. OWYN further objects to this interrogatory to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OWYN objects to this interrogatory as vague and ambiguous. OWYN also objects to this interrogatory as unreasonably cumulative and duplicative of other interrogatories and discovery. OWYN objects to this interrogatory as unduly burdensome to the extent that it seeks confidential, trade secret, or proprietary business, technical, or financial information, and to the extent it seeks information protected by privacy rights.
Subject to and without waiving the foregoing objections, OWYN responds as follows: OWYN is willing to meet and confer with Plaintiff regarding the topics of inquiry and identify a qualified 30(b)(6) witness to testify in this matter.

Interrogatory No. 11:
State whether You have ever modified the definition or internal interpretation of the term "Net Carbs." If so, describe the modifications, the reasons for the modifications, and the dates on which they were implemented.
Response to Interrogatory No. 11:
OWYN incorporates each of its General Objections as set forth herein. OWYN objects to this interrogatory as unduly burdensome, including insofar as it seeks to impose improper and disproportionate discovery obligations on OWYN given the needs of this case. OWYN further objects to this interrogatory to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OWYN objects to this interrogatory as vague and ambiguous. OWYN also objects to this interrogatory on the grounds that it is compound. OWYN also objects to this interrogatory as unreasonably cumulative and duplicative of other interrogatories and discovery. OWYN objects to this interrogatory as unduly burdensome to the extent that it seeks confidential, trade secret, or proprietary business, technical, or financial information, and to the extent it seeks information protected by privacy rights.
Subject to and without waiving the foregoing objections, OWYN responds as follows: OWYN is willing to meet and confer with Plaintiff regarding the topics of inquiry and identify a qualified 30(b)(6) witness to testify in this matter.

**Plaintiff's Position:** OWYN's only objections to ROGs 9, 10, and 11 are unexplained and unsupported boilerplate objections, which are improper. *Enciso*, 2023 WL 9687512, at *4.

In its substantive responses to ROGs 9, 10, and 11, OWYN states it will meet and confer with Plaintiff regarding "the topics of inquiry." Plaintiff does not understand what OWYN wants to meet and confer about.

And OWYN's proposal to identify a Rule 30(b)(6) witness at an unspecified future date is patently insufficient. Plaintiff has not served a Rule 30(b)(6) notice yet. But even if he had, identification of a Rule 30(b)(6) witness is insufficient to respond to ROGs 9, 10, and 11. These interrogatories are straightforward and should be answered in writing as drafted.

Plaintiff demands that OWYN respond to ROGs 9, 10, and 11 as drafted.

**Terms of the Discovery Order to Be Sought:** Plaintiff seeks an order requiring OWYN to respond to ROGs 9, 10, and 11 as drafted.

9.    **Issue:** OWYN's response to ROG 12, set forth below, is deficient.

Interrogatory No. 12:
Identify each company or other entity involved in the labeling, packaging, marketing, manufacture/production, quality control, distribution, sale, post-market testing, and/or post-market surveillance of the Products by name and address, describing as to each its role or responsibilities.
Response to Interrogatory No. 12:
OWYN incorporates each of its General Objections as set forth herein. OWYN objects to

this interrogatory as unduly burdensome, including insofar as it seeks to impose improper and disproportionate discovery obligations on OWYN given the needs of this case. OWYN further objects to this interrogatory to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OWYN objects to this interrogatory as vague and ambiguous. OWYN also objects to this interrogatory on the grounds that it is compound. OWYN also objects to this interrogatory as unreasonably cumulative and duplicative of other interrogatories and discovery. OWYN objects to this interrogatory as unduly burdensome to the extent that it seeks confidential, trade secret, or proprietary business, technical, or financial information, and to the extent it seeks information protected by privacy rights.

Subject to and without waiving the foregoing objections, OWYN responds as follows: OWYN will meet and confer with Plaintiff regarding the scope of this interrogatory and then will provide responsive documents within its custody and control, to the extent they exist, subject to the entry of a protective order.

**Plaintiff's Position:** OWYN's only objections to ROG 12 are unexplained and unsupported boilerplate objections, which are improper. *Enciso*, 2023 WL 9687512, at *4.

In its substantive response to ROG 12, OWYN states it will meet and confer with Plaintiff regarding "the scope of the interrogatory," but OWYN has not identified any issue with the scope of ROG 12 or explained why it believes the scope of ROG 12 is improper. Plaintiff does not understand what OWYN wants to meet and confer about. Plaintiff demands that OWYN respond to ROG 12 as drafted.

**Terms of the Discovery Order to Be Sought:** Plaintiff seeks an order requiring OWYN to respond to ROG 12 as drafted.

**10. Issue:** OWYN's response to ROG 13, set forth below, is deficient.

Interrogatory No. 13:
Identify all Documents You relied on to substantiate the Representations on the Product labels, including but not limited to studies, reports, or analyses.
Response to Interrogatory No. 13:
OWYN incorporates each of its General Objections as set forth herein. OWYN objects to this interrogatory as unduly burdensome, including insofar as it seeks to impose improper and disproportionate discovery obligations on OWYN given the needs of this case. OWYN further objects to this interrogatory to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OWYN objects to this interrogatory as vague and ambiguous. OWYN also objects to this interrogatory as unreasonably cumulative and duplicative of other interrogatories and discovery. OWYN objects to this interrogatory as unduly burdensome to the extent that it seeks confidential, trade secret, or proprietary business, technical, or financial information, and to the extent it seeks information protected by privacy rights.

Subject to and without waiving the foregoing objections, OWYN responds as follows: OWYN is willing to meet and confer with Plaintiff regarding appropriate limitations to Plaintiff's overbroad interrogatory.

**Plaintiff's Position:** OWYN's only objections to ROG 13 are unexplained and unsupported boilerplate objections, which are improper. *Enciso*, 2023 WL 9687512, at *4.

In its substantive response to ROG 13, OWYN states it will meet and confer with Plaintiff regarding "appropriate limitations to Plaintiff's overbroad interrogatory," but OWYN has identified no reason why it believes ROG 13 is overbroad. Plaintiff does not understand what OWYN wants to meet and confer about. Plaintiff demands that OWYN respond to ROG 13 as drafted.

**Terms of the Discovery Order to Be Sought:** Plaintiff seeks an order requiring OWYN to respond to ROG 13 as drafted.

**11. Issue:** OWYN's response to ROG 15, set forth below, is deficient.

Interrogatory No. 15:
Identify all instances in which You revised the Nutrition Facts Panel on any Product labeling during the Relevant Time Period. For each instance, state: (a) the date of the revision; (b) the reason for the revision; and (c) the specific change(s) made.
Response to Interrogatory No. 15:
OWYN incorporates each of its General Objections as set forth herein. OWYN objects to this interrogatory as unduly burdensome, including insofar as it seeks to impose improper and disproportionate discovery obligations on OWYN given the needs of this case. OWYN further objects to this interrogatory to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OWYN objects to this interrogatory as vague and ambiguous. OWYN also objects to this interrogatory on the grounds that it is compound. OWYN also objects to this interrogatory as unreasonably cumulative and duplicative of other interrogatories and discovery. OWYN objects to this interrogatory as unduly burdensome to the extent that it seeks confidential, trade secret, or proprietary business, technical, or financial information, and to the extent it seeks information protected by privacy rights.
Subject to and without waiving the foregoing objections, OWYN responds as follows: OWYN is willing to meet and confer with Plaintiff regarding appropriate limitations to Plaintiff's overbroad interrogatory.

**Plaintiff's Position:** OWYN's only objections to ROG 15 are unexplained and unsupported boilerplate objections, which are improper. *Enciso*, 2023 WL 9687512, at *4.

In its substantive response to ROG 15, OWYN states it will meet and confer with Plaintiff regarding "appropriate limitations to Plaintiff's overbroad interrogatory," but OWYN has identified no reason why it believes ROG 15 is overbroad. Plaintiff does not understand what OWYN wants to meet and confer about. Plaintiff demands that OWYN respond to ROG 15 as drafted.

**Terms of the Discovery Order to Be Sought:** Plaintiff seeks an order requiring OWYN to respond to ROG 15 as drafted.

**12. Issue:** OWYN's response to ROG 16, set forth below, is deficient.

Interrogatory No. 16:
Do You contend any Person other than You is or may be liable for the claims set forth in the Complaint? If so, please (a) identify each such Person and (b) set forth the basis for Your contention.
Response to Interrogatory No. 16:
OWYN incorporates each of its General Objections as set forth herein. OWYN objects to this interrogatory as unduly burdensome, including insofar as it seeks to impose improper and disproportionate discovery obligations on OWYN given the needs of this case. OWYN further objects to this interrogatory to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OWYN objects to this interrogatory as vague and ambiguous. OWYN also objects to this interrogatory on the grounds that it is compound. OWYN also objects to this interrogatory as unreasonably cumulative and duplicative of other interrogatories and discovery. OWYN objects to this interrogatory as unduly burdensome to the extent that it seeks confidential, trade secret, or proprietary business, technical, or financial information, and to the extent it seeks information protected by privacy rights.
Subject to and without waiving the foregoing objections, OWYN will not respond to this Interrogatory as written. Plaintiff has not raised any allegations against any entity other than OWYN. OWYN will meet and confer with Plaintiff concerning any appropriate response.

**Plaintiff's Position:** OWYN's only objections to ROG 16 are unexplained and unsupported boilerplate objections, which are improper. *Enciso*, 2023 WL 9687512, at *4.

Despite the lack of any viable objection, OWYN's substantive response refuses to answer the initial question, which seeks a simple yes or no answer regarding a plainly relevant subject. This is improper.

OWYN's statement that "Plaintiff has not raised any allegations against any entity other than OWYN" has no bearing on whether OWYN contends that any person other than OWYN is or may be liable for the claims set forth in the Complaint. OWYN makes no effort to connect its statement regarding Plaintiff's allegations to ROG 16, which asks about OWYN's contentions.

OWYN also indicates it wants to meet and confer with Plaintiff concerning "any appropriate response." Plaintiff does not understand what OWYN wants to meet and confer about.

Plaintiff demands that OWYN respond to ROG 16 as drafted.

**Terms of the Discovery Order to Be Sought:** Plaintiff seeks an order requiring OWYN to respond to ROG 16 as drafted.

**13. Issue:** OWYN's response to ROG 18, set forth below, is deficient.

Interrogatory No. 18:
Describe in detail all the testing procedures used by You to confirm the Representations made on the Product labels.
Response to Interrogatory No. 18:
OWYN incorporates each of its General Objections as set forth herein. OWYN objects to this interrogatory as unduly burdensome, including insofar as it seeks to impose improper and disproportionate discovery obligations on OWYN given the needs of this case. OWYN further objects to this interrogatory to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OWYN objects to this interrogatory as vague and ambiguous. OWYN also objects to this interrogatory as unreasonably cumulative and duplicative of other interrogatories and discovery. OWYN objects to this interrogatory as unduly burdensome to the extent that it seeks confidential, trade secret, or proprietary business, technical, or financial information, and to the extent it seeks information protected by privacy rights. OWYN objects to this interrogatory to the extent that it seeks attorney-client privilege, work product doctrine protection, and premature disclosure of expert witness opinion.

**Plaintiff's Position:** OWYN's refusal to respond to ROG 18 is improper, as ROG 18 plainly seeks relevant information and OWYN has asserted no viable objection to ROG 18.

OWYN's only objections to ROG 18 are unexplained and unsupported boilerplate objections, which are improper. *Enciso*, 2023 WL 9687512, at *4.

And ROG 18 seeks relevant information on its face. Plaintiff alleges the representations at issue, including but not limited to "32g" protein, "35g" protein, "0g Sugar," and the statements on the Nutrition Facts Panel on each Product label regarding the total carbohydrates, dietary fiber, total sugars, and protein in the Product, are inaccurate because they misstate the amounts of these ingredients in the Product. Testing procedures used by OWYN to confirm the amounts of protein, sugar, carbohydrates, and dietary fiber in the Products are obviously relevant.

Plaintiff demands that OWYN respond to ROG 18.

**Terms of the Discovery Order to Be Sought:** Plaintiff seeks an order requiring OWYN to respond to ROG 18.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.  **Issue:** OWYN's responses to Plaintiff's RFPs do not comply with Rule 34(b)(2)(C).

**Plaintiff's Position:** Rule 34(b)(2)(C) requires that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection."

OWYN has failed to comply with Rule 34(b)(2)(C) as to RFPs 1, 2, 3, 4, 6, 9, 18, and 33 by stating, for each objection asserted, whether responsive materials are being withheld on the basis of that objection. Without this information, Plaintiff is unable to tell whether the objections are affecting OWYN's responses to Plaintiff's RFPs and which objections are affecting OWYN's

responses to the RFPs. OWYN's general objections also fail to comply with Rule 34(b)(2)(C).

OWYN must amend its responses to RFPs 1, 2, 3, 4, 6, 9, 18, and 33, as well as its general objections, to comply with Rule 34(b)(2)(C). *E.g.*, *Limor v. Mercedes-Benz USA, LLC*, No. 2:24-cv-02953-AH-BFM, 2024 WL 5317251, at *3 (C.D. Cal. Dec. 12, 2024) (Mircheff, M.J.) ("Defendant must amend its discovery responses to comply with Rule 34(b)(2)(C) . . . ."); *Fashion Nova LLC v. Citizens Ins. Co. of Am.*, No. 23-cv-01317-GW-PVC, 2023 WL 8872092, at *3 (C.D. Cal. Nov. 8, 2023) ("In responding to a request to produce documents, the responding party must *affirmatively* state whether any responsive materials are being withheld based on that objection.").

With respect to RFPs 5, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 35, 36, 37, 38, 40, 41, 42, 43, 44, and 45, it is unclear whether OWYN is agreeing to provide responsive documents. If OWYN is agreeing to produce, or if in the future OWYN agrees to produce, documents responsive to the foregoing RFPs, then OWYN must amend its responses to these RFPs as well to comply with Rule 34(b)(2)(C).

**Terms of the Discovery Order to Be Sought:** Plaintiff seeks an order requiring OWYN to state with respect to each and every objection to RFPs 1, 2, 3, 4, 6, 9, 18, and 33, and with respect to each and every general objection, whether OWYN is withholding responsive materials on the basis of that objection.

**2. Issue:** OWYN's response to RFPs 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 32, 35, 37, 38, 40, 41, 42, 43, 44, and 45 is deficient. Below, Plaintiff has set forth each of the foregoing requests, followed by OWYN's response, which is identical for all of the foregoing requests.

> Request for Production No. 7
> All Documents Concerning Communications among any person working for or formerly having worked for Defendant regarding the use, in connection with any of the Products, of any Representation or any variations thereof.

> Request for Production No. 8
> All Documents Concerning Communications between You and any third party regarding the use, in connection with any of the Products, of any Representation or any variations thereof.

> Request for Production No. 10
> All Documents Concerning why Consumers desire, or do not desire, goods (including but not limited to the Products) that contain "0g Net Carbs."

> Request for Production No. 11
> All Documents Concerning why Consumers desire, or do not desire, goods (including but not limited to the Products) that are "Keto Friendly."

Request for Production No. 12
All Documents Concerning why Consumers desire, or do not desire, goods (including but not limited to the Products) that contain "Zero Sugar" or "0g Sugar."

Request for Production No. 13
All Documents Concerning why Consumers desire, or do not desire, goods (including but not limited to the Products) that contain "32g" plant protein, "32g" protein, "35g" plant protein, or "35g" protein.

Request for Production No. 14
All Documents Concerning the presence, absence, use, or effect of the words "0g Net Carbs" or similar words on the labeling of goods, including but not limited to any Consumer surveys, marketing analysis, and focus group studies.

Request for Production No. 15
All Documents Concerning the presence, absence, use, or effect of the words "Keto Friendly" or similar words on the labeling of goods, including but not limited to any Consumer surveys, marketing analysis, and focus group studies.

Request for Production No. 16
All Documents Concerning the presence, absence, use, or effect of the words "Zero Sugar," "0g Sugar," or similar words on the labeling of goods, including but not limited to any Consumer surveys, marketing analysis, and focus group studies.

Request for Production No. 17
All Documents Concerning the presence, absence, use, or effect of the words "32g" plant protein, "32g" protein, "35g" plant protein, "35g" protein, or similar words on the labeling of goods, including but not limited to any Consumer surveys, marketing analysis, and focus group studies.

Request for Production No. 19
All Documents that report, describe, summarize, analyze, discuss, or comment on competition from, or the marketing or sales strategies, market shares or projected market shares, or profitability of any competing company in the supply, manufacture, distribution, or sale of ready-to-drink protein shakes.

Request for Production No. 20
Documents identifying each compositional change made to each UPC of each Product with respect to carbohydrate content, dietary fiber content, sugar content, and protein content, including which components changed and the dates those components changed.

Request for Production No. 21
All Documents Concerning whether the Representations on the labeling of the Products are accurate, truthful, non-misleading, inaccurate, misleading, or false.

Request for Production No. 22
All Documents substantiating the Representations on the labeling of each Product.

Request for Production No. 23
All Documents Concerning the amount of carbohydrates in fact within each UPC of each Product throughout the Relevant Time Period, including but not limited to all Documents Concerning any testing conducted to ensure the carbohydrate content of any Product conformed to the Representations on the Product's label.

Request for Production No. 24
All Documents Concerning the amount of dietary fiber in fact within each UPC of each Product throughout the Relevant Time Period, including but not limited to all Documents Concerning any testing conducted to ensure the dietary fiber content of any Product conformed to the Representations on the Product's label.

Request for Production No. 25
All Documents Concerning the amount of sugars in fact within each UPC of each Product throughout the Relevant Time Period, including but not limited to all Documents Concerning any testing conducted to ensure the sugar content of any Product conformed to the Representations on the Product's label.

Request for Production No. 26
All Documents Concerning the amount of protein in fact within each UPC of each Product throughout the Relevant Time Period, including but not limited to all Documents Concerning any testing conducted to ensure the protein content of any Product conformed to the Representations on the Product's label.

Request for Production No. 27
All Documents Concerning any testing conducted, whether by Defendant or by any third party, regarding the carbohydrate content, dietary fiber content, sugar content, or protein content of any Product.

Request for Production No. 28
All Documents Concerning Defendant's quality control efforts and actions with respect to the carbohydrate content, dietary fiber content, sugar content, or protein content of each Product.

Request for Production No. 29
With respect to each Product, produce, for each month from September 2020 to the present, Documents sufficient to identify:
i.      monthly unit sales volume in California and in the United States,
ii.     average wholesale price per unit in California and in the United States,
iii.    average retail price per unit in California and in the United States,
iv.     monthly gross sales amount in California and in the United States,
v.      monthly Net Sales amount in California and in the United States,
vi.     monthly Revenue in California and in the United States,

vii.     monthly profits in California and in the United States, and

viii.    monthly losses in California and in the United States.

Request for Production No. 32
All Documents Concerning how you determine to price each Product.

Request for Production No. 35
Documents sufficient to identify all avenues and/or means by which You sell any Product directly to Consumers, including but not limited to websites.

Request for Production No. 37
All Documents Concerning third party (i.e., non-Consumer) complaints regarding any Representation on the packaging of any Product, and any response(s) by You thereto.

Request for Production No. 38
All Documents Concerning Plaintiff Emmett Enriques.

Request for Production No. 40
Organizational charts or documents sufficient to identify any of Defendant's employees and/or agents involved in creating labeling for the Products.

Request for Production No. 41
Documents identifying any Person other than Your employees and/or agents involved in creating labeling for the Products and dates of employment.

Request for Production No. 42
Organizational charts or documents sufficient to identify any of Defendant's employee(s) and/or agent(s) involved in quality control for the Products.

Request for Production No. 43
Documents identifying any Person or entity other than Your employees and/or agents involved in quality control the Products.

Request for Production No. 44
All Documents that Defendant obtains via subpoena in connection with the above-captioned action.

Request for Production No. 45
All Documents and Communications concerning any change to the Product labels or removing the Representations.

Response to Requests for Production Nos. 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 32, 35, 37, 38, 40, 41, 42, 43, 44, and 45
OWYN incorporates each of the General Objections as if set forth herein. OWYN objects to this Request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous.

OWYN objects to this Request to the extent that the burden, expense, and intrusiveness
of the Request clearly outweigh the likelihood that the information sought will lead to the
discovery of admissible evidence. Moreover, this Request is so broad and unlimited in
scope as to be annoying and oppressive. OWYN objects to this Request on the grounds
that the information and documents sought are not in existence or not within the
possession of OWYN. OWYN objects to this Request to the extent it seeks information
protected from disclosure by the attorney-client privilege doctrine, the attorney work-
product doctrine, and/or any other available privilege or immunity doctrine. OWYN
further objects to this Request to the extent it seeks confidential financial, trade secret,
proprietary, sensitive business or personal information.
Subject to and without waiving any of the foregoing objections, OWYN is willing to
meet and confer with Plaintiff regarding appropriate limitations to Plaintiff's overbroad
request.

**Plaintiff's Position:** OWYN copied and pasted the same boilerplate response to 32 of the 45
RFPs that Plaintiff served, regardless of the content or subject matter of the request. This is
plainly improper. As stated above, "[b]oilerplate objections do *not* suffice and there is no ground
upon which to reasonably argue otherwise." *Enciso*, 2023 WL 9687512, at *4 (collecting cases).

OWYN's objections to RFPs 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26,
27, 28, 29, 32, 35, 37, 38, 40, 41, 42, 43, 44, and 45 are unexplained and unsupported boilerplate.
OWYN's assertion and incorporation by reference of general objections is improper.[2] OWYN's
objection to each RFP "to the extent" it seeks irrelevant information fails to explain why any
RFP or any portion of any RFP supposedly seeks irrelevant information.[3] Similarly, OWYN's
objection to each RFP "to the extent" it is vague and ambiguous fails to explain why any RFP or
any portion of any RFP is supposedly vague and ambiguous. Similarly, OWYN's objection to

---

[2] *Leprino Foods Co.*, 2024 WL 4488711, at *15 ("[Defendant] has interposed 'General
Objections' which it has purportedly incorporated by reference into each individual response to
the Document Requests and Interrogatories. Such general and boilerplate objections are improper
and are overruled. They do not explain or analyze on an individualized basis, why any particular
Interrogatory or Document Request is objectionable, and thus are inadequate." (citations
omitted)); *Enciso*, 2023 WL 9687512, at *4 ("[I]t appears that [defendant] is incorporating by
reference its General Objections into each specific response. However, incorporating by
reference 'is entirely improper in federal court.'" (citation omitted)); *see also Henriquez v.
Cemex, Inc.*, No. 5:22-cv-01645-JGB-SP, 2024 WL 1600663, at *2 (C.D. Cal. Jan. 18, 2024)
(overruling general objections); *Fashion Nova LLC*, 2023 WL 8872092, at *4 (same).
[3] For avoidance of doubt, there is and can be no question that RFPs 7-8, 10-17, 19-29, 32, 35, 37-
38, and 40-45 seek relevant documents. "Relevance, for purposes of discovery, is 'construed
broadly.'" *Truong v. KPC Healthcare, Inc.*, No. 8:23-cv-01384-SB-BFM, 2024 WL 3496865, at
*3 (C.D. Cal. July 17, 2024) (Mircheff, M.J.) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437
U.S. 340, 351 (1978)). RFPs 7-8, 10-17, 37, and 40-41 are relevant to, among other things, the
meaning and materiality of the representations at issue. RFPs 20, 23-28, and 42-43 are relevant
to, among other things, whether the contents of the Products in fact complied with the
representations at issue on their labels. RFPs 21-22, 38, and 44-45 are relevant on their face.
RFPs 19, 29, 32, and 35 are relevant to, among other things, damages.

each RFP "to the extent" that the burden outweighs the likelihood that the information sought will lead to the discovery of admissible evidence fails to explain or support any burden of any RFP or any part of any RFP and fails to explain why any RFP or any part of any RFP is supposedly unlikely to lead to discovery of admissible evidence.

OWYN's objection that each RFP "is so broad and unlimited in scope as to be annoying and oppressive" is precisely the kind of objection that courts have rejected. *Tubio*, 2023 WL 9420334, at *3 ("[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper . . . .").

OWYN's objection to each RFP "on the grounds that the information and documents sought are not in existence or not within the possession of OWYN" fails to identify which information or documents are supposedly not in existence and which information or documents are supposedly not within the possession of OWYN.

OWYN's substantive response to the foregoing requests states it will meet and confer with Plaintiff regarding "appropriate limitations to Plaintiff's overbroad request," but OWYN has identified no reason why it believes any request is overbroad. Plaintiff does not understand what OWYN wants to meet and confer about.

In the absence of a privilege log, OWYN's privilege/work-product objection fails to sufficiently explain why OWYN believes any privilege applies; OWYN must therefore timely provide an adequate privilege log. And the confidentiality objection is no obstacle to production now that a protective order is in place. ECF Nos. 22-23.

Plaintiff demands that OWYN: (i) withdraw all objections to RFPs 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 32, 35, 37, 38, 40, 41, 42, 43, 44, and 45 except the confidentiality objection and the privilege/work-product objection (so long as OWYN provides a timely and adequate privilege log) and (ii) produce all documents responsive to the foregoing RFPs without delay (other than documents covered by the privilege/work-product objection, so long as OWYN provides a timely and adequate privilege log).

**Terms of the Discovery Order to Be Sought:** Plaintiff seeks an order holding that (i) OWYN's objections to RFPs 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 32, 35, 37, 38, 40, 41, 42, 43, 44, and 45 are unsupported boilerplate; (ii) OWYN's objections to the foregoing requests are therefore overruled (other than the confidentiality objection, and the privilege/work-product objection so long as OWYN provides a timely and adequate privilege log); (iii) OWYN's responses to the foregoing requests are inadequate; and (iv) OWYN must produce all documents responsive to the foregoing requests without delay—other than those documents covered by the privilege/work-product objection so long as OWYN provides a timely and adequate privilege log.

3. **Issue:** OWYN's response to RFP 1, set forth below, is deficient.

   Request for Production No. 1:
   High quality, easily readable color images of each version during the Relevant Time

Period of the labeling used on each Product UPC (preferably final color Product labels sent to the printer with dates), including but not limited to:

i.      all Product UPCs on which Defendant made the Representation "0g Net Carbs";

ii.     all Product UPCs on which Defendant made the Representation "Keto Friendly";

iii.    all Product UPCs on which Defendant made the Representation "Zero Sugar" or the Representation "0g Sugar";

iv.     all Product UPCs on which Defendant made the Representation "32g" plant protein or the Representation "32g" protein; and

v.      Product UPCs on which Defendant made the Representation "35g" plant protein or the Representation "35g" protein.

<u>Response to Request for Production No. 1:</u>

OWYN incorporates each of the General Objections as if set forth herein. OWYN objects to this Request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous. OWYN objects to this Request to the extent that the burden, expense, and intrusiveness of the Request clearly outweigh the likelihood that the information sought will lead to the discovery of admissible evidence. OWYN objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege doctrine, the attorney work-product doctrine, and/or any other available privilege or immunity doctrine. OWYN further objects to this Request to the extent it seeks confidential financial, trade secret, proprietary, sensitive business or personal information. OWYN objects to this request as overbroad as to time and accordingly limits its response to from September 12, 2020 to the present.

Subject to and without waiving the foregoing Preliminary Statement, General Objections, and Specific Objections, OWYN responds as follows: OWYN will conduct a reasonable search to collect and produce non-privileged documents within its custody and control sufficient to identify the Product labels from September 12, 2020 to the present, subject to the entry of a protective order.

**Plaintiff's Position:** OWYN's only objections to RFP 1 are unexplained and unsupported boilerplate objections, which are improper. *Enciso*, 2023 WL 9687512, at *4.

It is not clear whether OWYN has agreed to provide labels for each UPC of the Product. OWYN should provide labels for each UPC of the Product, as requested.

**Terms of the Discovery Order to Be Sought:** Plaintiff seeks an order requiring OWYN to provide all versions of the label for each UPC of the Product during the period from September 12, 2020, to the present.

4.  **Issue:** OWYN's response to RFP 2, set forth below, is deficient.

<u>Request for Production No. 2:</u>

High quality, easily readable Documents sufficient to identify:

i.      the specific time periods during which Defendant used and did not use the "0g Net Carbs" Representation on each Product UPC;

ii.     the specific time periods during which Defendant used and did not use the "Keto

    Friendly" Representation on each Product UPC;

iii.    the specific time periods during which Defendant used and did not use the Representation "Zero Sugar" or the Representation "0g Sugar" on each Product UPC;

iv.    the specific time periods during which Defendant used and did not use the Representation "32g" plant protein or the Representation "32g" protein on each Product UPC; and

v.    the specific time periods during which Defendant used and did not use the Representation "35g" plant protein or the Representation "35g" protein on each Product UPC.

<u>Response to Request for Production No. 2:</u>

OWYN incorporates each of the General Objections as if set forth herein. OWYN objects to this Request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous. OWYN objects to this Request to the extent that the burden, expense, and intrusiveness of the Request clearly outweigh the likelihood that the information sought will lead to the discovery of admissible evidence. OWYN objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege doctrine, the attorney work-product doctrine, and/or any other available privilege or immunity doctrine. OWYN further objects to this Request to the extent it seeks confidential financial, trade secret, proprietary, sensitive business or personal information. OWYN objects to this request as overbroad as to time and accordingly limits its response to from September 12, 2020 to the present.

Subject to and without waiving the foregoing Preliminary Statement, General Objections, and Specific Objections, OWYN responds as follows: OWYN will conduct a reasonable search to collect and produce non-privileged documents within its custody and control sufficient to identify the Product labels from September 12, 2020 to the present, subject to the entry of a protective order.

**Plaintiff's Position:** OWYN's only objections to RFP 2 are unexplained and unsupported boilerplate objections, which are improper. *Enciso*, 2023 WL 9687512, at *4.

It is unclear whether OWYN has agreed to provide documents sufficient to identify the time periods requested in RFP 2 for each UPC of the Product. OWYN should provide documents sufficient to identify the time periods requested in RFP 2 for each UPC of the Product, as requested.

**Terms of the Discovery Order to Be Sought:** Plaintiff seeks an order requiring OWYN to provide documents sufficient to identify the time periods requested in RFP 2 for each UPC of the Product during the period from September 12, 2020, to the present.

**5.  Issue:** OWYN's response to RFP 3, set forth below, is deficient.

<u>Request for Production No. 3:</u>
High quality, easily readable Documents sufficient to identify:

i.    the geographic regions in which Defendant used and did not use the "0g Net

Carbs" Representation on each Product UPC;

ii.    the geographic regions in which Defendant used and did not use the "Keto Friendly" Representation on each Product UPC;

iii.    the geographic regions in which Defendant used and did not use the Representation "Zero Sugar" or the Representation "0g Sugar" on each Product UPC;

iv.    the geographic regions in which Defendant used and did not use the Representation "32g" plant protein or the Representation "32g" protein on each Product UPC; and

v.    the geographic regions in which Defendant used and did not use the Representation "35g" plant protein or the Representation "35g" protein on each Product UPC.

<u>Response to Request for Production No. 3:</u>

OWYN incorporates each of the General Objections as if set forth herein. OWYN objects to this Request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous. OWYN objects to this Request to the extent that the burden, expense, and intrusiveness of the Request clearly outweigh the likelihood that the information sought will lead to the discovery of admissible evidence. Moreover, this Request is so broad and unlimited in scope as to be annoying and oppressive. OWYN objects to this Request on the grounds that the term "distributed" is vague and ambiguous, as it is unclear whether the Request seeks information regarding OWYN's direct distribution of the Product to third parties or subsequent distribution of the Product conducted by third parties. OWYN further objects to this Request to the extent it seeks confidential financial, trade secret, proprietary, sensitive business or personal information. OWYN objects to this request as overbroad as to time and accordingly limits its response to from September 12, 2020 to the present.

Subject to the foregoing objections, OWYN responds as follows: OWYN will meet and confer with Plaintiff regarding the scope of this request and then will provide responsive documents within its custody and control, to the extent they exist, subject to the entry of a protective order.

**Plaintiff's Position:** OWYN's only objections to RFP 3 are unexplained and unsupported boilerplate objections, which are improper. *Enciso*, 2023 WL 9687512, at *4.

OWYN objects that the term "distributed" is vague and ambiguous. However, the term "distributed" does not appear in RFP 3. This objection appears to be a typographical error.

OWYN's substantive response to RFP 3 states it will meet and confer with Plaintiff regarding "the scope of this request," but OWYN has identified no purported issue with the scope. Plaintiff does not understand what OWYN wants to meet and confer about.

Plaintiff demands that OWYN respond to RFP 3 as drafted.

**Terms of the Discovery Order to Be Sought:** Plaintiff seeks an order requiring OWYN to respond to RFP 3 as drafted.

**6. Issue:** OWYN's response to RFP 4, set forth below, is deficient.

<u>Request for Production No. 4:</u>
Documents sufficient to identify all UPCs for all Products sold in California and in the United States.
<u>Response to Request for Production No. 4:</u>
OWYN incorporates each of the General Objections as if set forth herein. OWYN objects to this Request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous. OWYN objects to this Request to the extent the burden, expense, and intrusiveness of the Request clearly outweigh the likelihood that the information sought will lead to the discovery of admissible evidence. OWYN objects to this Request to the extent it seeks information equally available to Plaintiff.
Subject to the foregoing objections, OWYN responds as follows: OWYN will meet and confer with Plaintiff regarding the scope of this request and then will provide responsive documents to the extent they are kept in the ordinary course of business, subject to the entry of a protective order.

**Plaintiff's Position:** OWYN's only objections to RFP 4 are unexplained and unsupported boilerplate objections, which are improper. *Enciso*, 2023 WL 9687512, at *4.

OWYN's substantive response to RFP 4 states it will meet and confer with Plaintiff regarding "the scope of this request," but OWYN has identified no purported issue with the scope. Plaintiff does not understand what OWYN wants to meet and confer about.

Plaintiff demands that OWYN respond to RFP 4 as drafted.

**Terms of the Discovery Order to Be Sought:** Plaintiff seeks an order requiring OWYN to respond to RFP 4 as drafted.

**7. Issue:** OWYN's response to RFP 5, set forth below, is deficient.

<u>Request for Production No. 5:</u>
All Documents Concerning Defendant's efforts to market, advertise, or promote the Product using any of the Representations.
<u>Response to Request for Production No. 5:</u>
OWYN incorporates each of the General Objections as if set forth herein. OWYN objects to this Request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous. OWYN objects to this Request to the extent the burden, expense, and intrusiveness of the Request clearly outweigh the likelihood that the information sought will lead to the discovery of admissible evidence. Moreover, this Request is so broad and unlimited as to scope as to be oppressive, including in requesting "[a]ll documents." OWYN objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege doctrine, the attorney work-product doctrine, and/or any other available privilege or immunity doctrine. OWYN further objects to this Request to the extent it

seeks confidential financial, trade secret, proprietary, sensitive business or personal information.

Subject to and without waiving any of the foregoing objections, OWYN is willing to meet and confer with Plaintiff regarding appropriate limitations to Plaintiff's overbroad request.

**Plaintiff's Position:** Other than arguably one objection (regarding "[a]ll documents"), OWYN's only objections to RFP 5 are unexplained and unsupported boilerplate objections, which are improper. *Enciso*, 2023 WL 9687512, at *4.

OWYN's objection regarding "[a]ll documents" arguably specifies an alleged issue with RFP 5. With respect to the "[a]ll documents" aspect of RFP 5, Plaintiff is willing to accept production of all documents located through a reasonable and diligent search.

OWYN's substantive response to RFP 5 states it is willing to meet and confer with Plaintiff regarding "appropriate limitations to Plaintiff's overbroad request," but OWYN has not identified how it contends RFP 5 is overbroad (other than arguably the words "[a]ll documents"). Plaintiff does not understand what OWYN wants to meet and confer about.

Plaintiff demands that OWYN respond to RFP 5 as drafted, providing all documents that it locates through a reasonable and diligent search.

**Terms of the Discovery Order to Be Sought:** Plaintiff seeks an order requiring OWYN to respond to RFP 5 as drafted, providing all documents that it locates through a reasonable and diligent search.

8. **Issue:** OWYN's response to RFP 6, set forth below, is deficient.

Request for Production No. 6:
All Documents Concerning Defendant's decisions about, reasons for, and/or basis for placing any Representation on the labeling of any Product, including but not limited to any benefits derived or anticipated to be derived from the placement of any Representation on the packaging of any Product (including any effects or anticipated effects on prices charged for the Products by Defendant or by retailers).

Response to Request for Production No. 6:
OWYN incorporates each of the General Objections as if set forth herein. OWYN objects to this Request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous. OWYN objects to this Request to the extent that the burden, expense, and intrusiveness of the Request clearly outweigh the likelihood that the information sought will lead to the discovery of admissible evidence. OWYN objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege doctrine, the attorney work-product doctrine, and/or any other available privilege or immunity doctrine. OWYN further objects to this Request to the extent it seeks confidential financial, trade secret, proprietary, sensitive business or personal information. OWYN objects to this request as overbroad as to time and accordingly limits its response to from

September 12, 2020 to the present.

Subject to and without waiving the foregoing Preliminary Statement, General Objections, and Specific Objections, OWYN responds as follows: OWYN will conduct a reasonable search to collect and produce non-privileged documents within its custody and control sufficient to identify the Product labels from September 12, 2020 to the present, subject to the entry of a protective order

**Plaintiff's Position:** OWYN's only objections to RFP 6 are unexplained and unsupported boilerplate objections, which are improper. *Enciso*, 2023 WL 9687512, at *4.

Despite the lack of any viable objection, OWYN's substantive response to RFP 6 fails to address the request. OWYN's promise to provide documents sufficient to identify the Product labels during a certain time period is unresponsive, as RFP 6 asks for "[a]ll Documents Concerning Defendant's *decisions about, reasons for, and/or basis for placing any Representation on the labeling* of any Product . . . ." (emphasis added). The product labels will not reveal OWYN's reasons or basis for any decision. Plaintiff demands that OWYN amend its response to respond to the request as drafted.

Furthermore, OWYN only agrees to respond to RFP 6 with respect to the period from September 12, 2020, to the present. OWYN has offered no explanation for this limitation. And it is important for OWYN's response to cover the full Relevant Time Period (i.e., the period from January 1, 2017, to the present, including "all Documents and information relating to such period even though prepared, published, sent, or received, in whole or in part, prior to that period") because Plaintiff needs to understand what OWYN's decisions and decision-making process were regarding placement of the representations at issue on the Product labels, and, similarly, OWYN's reasons and basis for placement of the representations at issue on the Product labels. These decisions and the related reasoning could have occurred well in advance of September 12, 2020. Plaintiff demands that OWYN amend its response to agree to provide responsive documents for the full Relevant Time Period.

**Terms of the Discovery Order to Be Sought:** Plaintiff seeks an order requiring OWYN to respond to RFP 6 in full as drafted, with respect to the full Relevant Time Period as defined in the requests.

9. **Issue:** OWYN's response to RFP 9, set forth below, is deficient.

Request for Production No. 9:

All Documents Concerning Consumer understanding of or response to the Product labels and/or any Representation, including but not limited to Consumer surveys, marketing analyses, and focus group studies, whether prepared by You, on Your behalf, or by third parties.

Response to Request for Production No. 9:

OWYN incorporates each of the General Objections as if set forth herein. OWYN objects to this Request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous. OWYN objects to this Request to the extent that the burden, expense, and intrusiveness

of the Request clearly outweigh the likelihood that the information sought will lead to the discovery of admissible evidence. Moreover, this Request is so broad and unlimited in scope as to be annoying and oppressive. OWYN further objects to this Request to the extent it seeks confidential financial, trade secret, proprietary, sensitive business or personal information. OWYN further objects to this request as duplicative of Request No. 1.

Subject to and without waiving the foregoing Preliminary Statement, General Objections, and Specific Objections, OWYN responds as follows: OWYN will conduct a reasonable search to collect and produce responsive, non-privileged documents within its custody and control regarding consumer surveys or focus groups concerning consumer interpretation of the Product labeling and/or packaging with respect to the carbohydrate and sugar representations from September 12, 2020 to the present, subject to the entry of a protective order.

**Plaintiff's Position:** Other than an objection regarding supposed duplicativeness, OWYN's only objections to RFP 9 are unexplained and unsupported boilerplate objections, which are improper. *Enciso*, 2023 WL 9687512, at *4.

OWYN's objection that RFP 9 duplicates RFP 1 is baseless. RFP 9 concerns "Consumer understanding of or response to" the Product labels or any Representation, while RFP 1 simply asks OWYN to produce the Product labels. The requests are not duplicative.

Despite the lack of any viable objection, OWYN purports to limit its response to RFP 9 to documents "regarding consumer surveys or focus groups concerning consumer interpretation of the Product labeling and/or packaging with respect to the carbohydrate and sugar representations." RFP 9 covers all Product labels and all representations at issue, not only the carbohydrate and sugar representations, and OWYN offers no reason why its response should be limited. Plaintiff demands that OWYN respond to RFP 9 in full as drafted.

Furthermore, OWYN only agrees to respond to RFP 9 with respect to the period from September 12, 2020, to the present. OWYN has offered no explanation for this limitation. And it is important for OWYN's response to cover the full Relevant Time Period (i.e., the period from January 1, 2017, to the present, including "all Documents and information relating to such period even though prepared, published, sent, or received, in whole or in part, prior to that period") because documents concerning "Consumer understanding of or response to the Product labels and/or any Representation" could have been created well in advance of September 12, 2020, as part of OWYN's decision-making process regarding the creation of the Products and the Product labels. Plaintiff demands that OWYN amend its response to agree to provide responsive documents for the full Relevant Time Period.

**Terms of the Discovery Order to Be Sought:** Plaintiff seeks an order requiring OWYN to respond to RFP 9 in full as drafted, with respect to the full Relevant Time Period as defined in the requests.

**10. Issue:** OWYN's response to RFP 18, set forth below, is deficient.

Request for Production No. 18:

All Documents Concerning Your decision-making process and decisions about the colors, fonts, typography, graphics, and formatting for the Product's packaging, including the intended, anticipated, and actual implications of, and inferences consumers draw from, these decisions.

Response to Request for Production No. 18:

OWYN incorporates each of the General Objections as if set forth herein. OWYN objects to this Request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous. OWYN objects to this Request to the extent that the burden, expense, and intrusiveness of the Request clearly outweigh the likelihood that the information sought will lead to the discovery of admissible evidence. OWYN objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege doctrine, the attorney work-product doctrine, and/or any other available privilege or immunity doctrine. OWYN further objects to this Request to the extent it seeks confidential financial, trade secret, proprietary, sensitive business or personal information. OWYN objects to this request as overbroad as to time and accordingly limits its response to from September 12, 2020 to the present.

Subject to and without waiving the foregoing Preliminary Statement, General Objections, and Specific Objections, OWYN responds as follows: OWYN will conduct a reasonable search to collect and produce non-privileged documents within its custody and control sufficient to identify the Product labels from September 12, 2020 to the present, subject to the entry of a protective order

**Plaintiff's Position:** OWYN's only objections to RFP 18 are unexplained and unsupported boilerplate objections, which are improper. *Enciso*, 2023 WL 9687512, at *4.

Despite the lack of any viable objection, OWYN's substantive response to RFP 18 fails to address the request. OWYN's promise to provide documents sufficient to identify the Product labels during a certain time period is unresponsive, as RFP 18 asks for "[a]ll Documents Concerning Your *decision-making process and decisions* about the colors, fonts, typography, graphics, and formatting for the Product's packaging . . . ." (emphasis added). The product labels will not reveal OWYN's decision-making process and decisions. Plaintiff demands that OWYN amend its response to respond to the request as drafted.

Furthermore, OWYN only agrees to respond to RFP 18 with respect to the period from September 12, 2020, to the present. OWYN has offered no explanation for this limitation. And it is important for OWYN's response to cover the full Relevant Time Period (i.e., the period from January 1, 2017, to the present, including "all Documents and information relating to such period even though prepared, published, sent, or received, in whole or in part, prior to that period") because Plaintiff needs to understand what OWYN's decisions and decision-making process were regarding the colors, fonts, typography, graphics, and formatting for the Product's packaging. These decision-making processes and decisions could have occurred well in advance of September 12, 2020. Plaintiff demands that OWYN amend its response to agree to provide responsive documents for the full Relevant Time Period.

**Terms of the Discovery Order to Be Sought:** Plaintiff seeks an order requiring OWYN to respond to RFP 18 in full as drafted, with respect to the full Relevant Time Period as defined in the requests.

**11. Issue:** OWYN's response to RFP 30, set forth below, is deficient.

Request for Production No. 30:
All Documents Concerning Your pricing of each Product, including but not limited to costs, pricing, incentives, discounts, rebates, exchange amounts, and retailer data.
Response to Request for Production No. 30:
OWYN incorporates each of the General Objections as if set forth herein. OWYN objects to this Request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous. OWYN objects to this Request to the extent that the burden, expense, and intrusiveness of the Request clearly outweigh the likelihood that the information sought will lead to the discovery of admissible evidence. Moreover, this Request is so broad in scope as to be annoying and oppressive. OWYN objects to this Request as it is duplicative of prior requests. OWYN further objects to this Request to the extent it seeks confidential financial, trade secret, proprietary, sensitive business or personal information.
Subject to and without waiving any of the foregoing objections, OWYN is willing to meet and confer with Plaintiff regarding appropriate limitations to Plaintiff's overbroad request.

**Plaintiff's Position:** OWYN's only objections to RFP 30 are unexplained and unsupported boilerplate objections, which are improper. *Enciso*, 2023 WL 9687512, at *4.

OWYN's substantive response to RFP 30 states it is willing to meet and confer with Plaintiff regarding "appropriate limitations to Plaintiff's overbroad request," but OWYN has not identified how it contends RFP 30 is overbroad. Plaintiff does not understand what OWYN wants to meet and confer about. Plaintiff demands that OWYN respond to RFP 30 in full as drafted.

**Terms of the Discovery Order to Be Sought:** Plaintiff seeks an order requiring OWYN to respond to RFP 30 in full as drafted.

**12. Issue:** OWYN's response to RFP 31, set forth below, is deficient.

Request for Production No. 31:
All Documents Concerning pricing of ready-to-drink protein shakes that are similar to the Products including those made by competitors and Defendant, in the same and similar categories, including but not limited to costs, pricing, incentives, discounts, rebates, exchange amounts, and retailer data.
Response to Request for Production No. 31:
OWYN incorporates each of the General Objections as if set forth herein. OWYN objects to this Request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous.

OWYN objects to this Request to the extent that the burden, expense, and intrusiveness of the Request clearly outweigh the likelihood that the information sought will lead to the discovery of admissible evidence. Moreover, this Request is so broad in scope as to be annoying and oppressive. OWYN objects to this Request as it is duplicative of prior requests. OWYN further objects to this Request to the extent it seeks confidential financial, trade secret, proprietary, sensitive business or personal information.

Subject to and without waiving any of the foregoing objections, OWYN is willing to meet and confer with Plaintiff regarding appropriate limitations to Plaintiff's overbroad request.

**Plaintiff's Position:** OWYN's only objections to RFP 31 are unexplained and unsupported boilerplate objections, which are improper. *Enciso*, 2023 WL 9687512, at *4.

OWYN's substantive response to RFP 31 states it is willing to meet and confer with Plaintiff regarding "appropriate limitations to Plaintiff's overbroad request," but OWYN has not identified how it contends RFP 31 is overbroad. Plaintiff does not understand what OWYN wants to meet and confer about. Plaintiff demands that OWYN respond to RFP 31 in full as drafted.

**Terms of the Discovery Order to Be Sought:** Plaintiff seeks an order requiring OWYN to respond to RFP 31 in full as drafted.

**13. Issue:** OWYN's response to RFP 33, set forth below, is deficient.

Request for Production No. 33:
All Documents Concerning whether You charge a premium for any Product due to any Representation.
Response to Request for Production No. 33:
OWYN incorporates each of the General Objections as if set forth herein. OWYN objects to this Request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous, with respect to the term "premium price." OWYN objects to this Request to the extent that the burden, expense, and intrusiveness of the Request clearly outweigh the likelihood that the information sought will lead to the discovery of admissible evidence. OWYN objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege doctrine, the attorney work-product doctrine, and/or any other available privilege or immunity doctrine. OWYN further objects to this Request to the extent it seeks confidential financial, trade secret, proprietary, sensitive business or personal information.

Subject to and without waiving any of the foregoing objections, OWYN responds as follows: no responsive documents exist because OWYN does not "charge a premium for any Product due to any Representation."

**Plaintiff's Position:** OWYN's only objections to RFP 33 are unexplained and unsupported boilerplate objections, which are improper. *Enciso*, 2023 WL 9687512, at *4.

OWYN objects to the use of the term "premium price" in RFP 33, but RFP 33 does not use the term "premium price." Furthermore, OWYN does not explain why the term "premium price" renders the documents sought by RFP 33 irrelevant, and OWYN does not explain why it contends the term "premium price" is vague and ambiguous.

OWYN's substantive response to RFP 33 is unresponsive. RFP 33 asks for documents concerning "whether" OWYN charges a premium for any Product due to any representation at issue. Such documents include documents stating that OWYN does not charge any such premium. OWYN's statement that "no responsive documents exist because OWYN does not 'charge a premium for any Product due to any Representation'" therefore misses the mark. Plaintiff demands that OWYN respond to RFP 33 in full as drafted.

**Terms of the Discovery Order to Be Sought:** Plaintiff seeks an order requiring OWYN to respond to RFP 33 in full as drafted.

**14. Issue:** OWYN's response to RFP 36, set forth below, is deficient.

> Request for Production No. 36:
> All Documents Concerning any Consumer complaints, questions, or confusion regarding any Representation on the packaging of any Product, and any response(s) by You thereto.
> Response to Request for Production No. 36:
> OWYN incorporates each of the General Objections as if set forth herein. OWYN objects to this Request to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous, including because OWYN's advertising and marketing of the Product are irrelevant to the claims and defenses in this action. OWYN objects to this Request to the extent that the burden, expense, and intrusiveness of the Request clearly outweigh the likelihood that the information sought will lead to the discovery of admissible evidence. Moreover, this Request is so broad and unlimited as to time and scope as to be annoying and oppressive. OWYN objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege doctrine, the attorney work-product doctrine, and/or any other available privilege or immunity doctrine. OWYN further objects to this Request to the extent it seeks confidential financial, trade secret, proprietary, sensitive business or personal information. OWYN objects to this Request as it is duplicative of prior requests.
> Subject to and without waiving any of the foregoing objections, OWYN is willing to meet and confer with Plaintiff regarding appropriate limitations to Plaintiff's overbroad request.

**Plaintiff's Position:** OWYN's only objections to RFP 36 are unexplained and unsupported boilerplate objections, which are improper. *Enciso*, 2023 WL 9687512, at *4.

OWYN's statement that "OWYN's advertising and marketing of the Product are irrelevant to the claims and defenses in this action" is nonsensical.

OWYN's substantive response to RFP 36 states it is willing to meet and confer with Plaintiff

regarding "appropriate limitations to Plaintiff's overbroad request," but OWYN has not identified how it contends RFP 36 is overbroad. Plaintiff does not understand what OWYN wants to meet and confer about. Plaintiff demands that OWYN respond to RFP 36 in full as drafted.

**Terms of the Discovery Order to Be Sought:** Plaintiff seeks an order requiring OWYN to respond to RFP 36 in full as drafted.

\* \* \* \* \*

Please provide dates and times during the next 10 days during which you are available to meet and confer by Zoom regarding the issues identified above.

We hope to resolve these issues without the need for Court intervention.

Sincerely,

George V. Granade
*ggranade@reesellp.com*
**REESE LLP**
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070

Michael R. Reese
*mreese@reesellp.com*
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500

Peter Safirstein
*psafirstein@safirsteinlaw.com*
**SAFIRSTEIN LAW LLC**
45 North Broad Street, Suite 100
Ridgewood, New Jersey 07450
Telephone: (917) 952-9458

Alec Pressly
*alec@presslylegal.com*
**THE LAW OFFICE OF ALEC PRESSLY**
3110 Main Street Building C, #331
Santa Monica, California 90405
Telephone: (603) 809-6601

*Counsel for Plaintiff Emmett Enriques and the Proposed Class*

cc:     Matthew Borden, via email to *borden@braunhagey.com*
        H. Chelsea Tirgardoon, via email to *tirgardoon@braunhagey.com*