# EXHIBIT 5

# BRAUNHAGEY & BORDEN LLP

San Francisco & New York

**David Kwasniewski, Esq.**
Partner
kwasniewski@braunhagey.com

February 24, 2025

<u>**VIA EMAIL**</u>

George Granade
REESE LLP
8484 Wilshire Boulevard, Suite 515
Los Angeles, CA 90211
Email: ggranade@reesellp.com

Michael Reese
REESE LLP
100 West 93rd Street, 16th Floor
New York, NY 10025
Email: mreese@reesellp.com

Peter Safirstein
SAFIRSTEIN LAW LLC
45 N. Broad Street, Suite 100
Ridgewood, New Jersey 07450
Email: psafirstein@safirsteinlaw.com

Alec Pressly
The Law Office of Alec Pressly
3110 Main Street, Building C, #331
Santa Monica, CA 90401
Email: alec@presslylegal.com

   Re: *Enriques v. Only What You Need, Inc.*, No. 2:24-cv-08969-GW-BFM (C.D. Cal.)

George:

  As you know, when we took Plaintiff's deposition, he admitted that he had not purchased any of the products that the Complaint you signed said he purchased, which form the basis of this entire case. On February 13, 2025, I gave you a courtesy call in the hopes that you would do the right thing and avoid burdening the Court with these claims and stop causing Only What You Need, Inc. ("OWYN") further expense litigating this case. You said that you would go back and read the transcript, but instead of dismissing the case, Plaintiff then began trying to cause OWYN further expense by demanding discovery regarding claims that Plaintiff has admitted are

February 24, 2025
Page 2

false. This has left us no choice but to send you this letter. If this case is not dismissed by the close of business on Tuesday, February 25, 2025, we will seek sanctions against you and Plaintiff under the applicable laws, including 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11.

In his January 28, 2025 deposition, Plaintiff testified that he never purchased any of the products in the complaint. (Tr. at 62:14-63:1 ("Q. So the complaint as you may recall discusses four flavors of shakes . . . But you never purchased the No Nut Butter Cup; right? A: No. Q. And you never purchased the Sea Salt Caramel; right? A: No."); *Id.* at 74:16-25 ("Q. So you did not purchase the Elite Pro Chocolate in the 355-milliliter configuration? A. I believe – no. I did not . . . Q. And same question for the vanilla shake. Did you buy the 355-milliliter or 335? A. Same as the chocolate.").) He also testified that he never read the complaint before it was filed. (*Id.* at 46:6-9 ("Q: You said you reviewed the complaint before today's deposition. Did you also review it before it was filed? A: No. Not that I recall. No.").) He also testified that he had no evidence to support any claim against Defendant The Simply Good Foods Company. (*Id.* at 45:12-22 ("Q. Do you have any evidence that the Simple [sic] Good Foods Company directed OWYN to market their products in any particular way? . . . A: No knowledge on my behalf. Q. Do you have any knowledge that the Simple [sic] Good Foods Company directed OWYN to formulate its shakes in any particular way? . . . A: Not on my behalf.").)

This testimony shows that the operative pleading is false. It also reveals that you placed your own client in peril by making no effort to investigate the claims in it—not even by showing Plaintiff his own complaint prior to filing it—and by inserting entirely unsupported allegations in his pleading. I encouraged you to dismiss Plaintiff's claims to avoid further burdening the Court or OWYN with meritless litigation. You said you would review the transcript and get back to us. But instead, on February 14, 2024, you sent us a 34-page form letter demanding to meet and confer about OWYN's responses to Plaintiff's discovery requests.

The conduct above is sanctionable. Filing a false complaint violates Rule 11. Vexatiously multiplying litigation—such as by trying to prosecute a case after the complaint has been proven false and needlessly driving up costs through demanding discovery about false claims—violates 28 U.S.C. § 1927.

I had hoped that an informal call would be sufficient, but apparently, it was not. You are now on formal written notice of our intention to seek monetary sanctions against Plaintiff and you if this case is not dismissed. Please share this letter with Plaintiff and confirm that he will dismiss his claims by the close of business on February 25, 2025.

All rights reserved.

Very truly yours,

David Kwasniewski

February 24, 2025
Page 3

[Encl.]

[Cc:]