EXHIBIT 6



George Granade <ggranade@reesellp.com>

---

# Enriques v. Only What You Need, Inc., No. 2:24-cv-08969-GW-BFM (C.D. Cal.) - Letter requesting to meet and confer re: OWYN's responses to Plaintiff's first interrogatories and first requests for production of documents

---

**George Granade** <ggranade@reesellp.com>  Tue, Feb 25, 2025 at 4:17 PM
To: David Kwasniewski <kwasniewski@braunhagey.com>
Cc: Matt Borden <borden@braunhagey.com>, Chelsea Tirgardoon <Tirgardoon@braunhagey.com>, Michael Reese <mreese@reesellp.com>, George Pressly <gpressly@presslylawgroup.com>, Alec Pressly <alec@presslylegal.com>, Peter Safirstein <psafirstein@safirsteinlaw.com>

David,

Thank you for meeting and conferring with Alec Pressly and me yesterday via telephone regarding Plaintiff's letter dated February 14, 2025, and your letter dated February 24, 2025. Below I have set forth our understanding of the parties' discussion.

**Defendant's letter of February 24, 2025**
I indicated on the call that we do not believe Plaintiff or Plaintiff's counsel have done anything sanctionable, whether under Rule 11, 28 U.S.C. § 1927, or any other provision of law. This continues to be our position after the call.

During the call, I stated, among other things, that Mr. Enriques' testimony shows that he purchased the third product listed in the first paragraph of the complaint, the Elite Pro vanilla 330 mL tetrapack. I discussed and quoted from page 12 of the transcript of Mr. Enriques' deposition, where Mr. Enriques states, among other things, that he purchased the "vanilla" product. I also discussed and quoted from page 74 of the transcript, where Mr. Enriques states, among other things, that he purchased the 330 mL size of both the chocolate and the vanilla products. Furthermore, on page 10 of the transcript at lines 15-16, he states, "Every time I've purchased, I've purchased the tetra four-pack." Collectively, this testimony shows that Mr. Enriques purchased the vanilla 330 mL tetrapack, the third product listed in paragraph 1 of the pleading. We therefore demand that you withdraw your letter of February 24, 2025.

While we continue to believe the deposition testimony is sufficiently clear on its own (especially read in the context of this case), I will consider with my team the possibility of sending you a sworn declaration by Mr. Enriques confirming his testimony that he purchased the Elite Pro vanilla 330 mL tetrapack.

**Plaintiff's letter of February 14, 2025**

**ESI Protocol** - As an initial matter, you stated that entry of an ESI Protocol could moot a lot of the issues raised in the letter. We agreed that you will send us a proposed draft of such a protocol. I noted that Plaintiff does not necessarily know who the best custodians are to be searched and what the best repositories are to be searched, and I raised the possibility of a deposition on these issues, although we have not committed to that course of action at this time. We will review your proposed ESI Protocol upon receipt.

**Overarching Issues**
**Issue 1** - You confirmed that Defendant will comply with Rule 26(e).
**Issue 2** - You stated that OWYN is not currently withholding anything based on third party confidentiality agreements or orders, and if in the future you do withhold based on third-party confidentiality agreements or orders OWYN will say so explicitly.
**Issue 3** - You agreed that entry of a protective order is no longer an obstacle to discovery.

**Interrogatories**
**ROG 1** - I stated that ROG 1 is only seeking the identities of people with "specific, detailed" knowledge or information relevant to the facts alleged and the claims asserted in the Complaint, and that we are not looking for the identity of everyone with knowledge or information -- only those with "specific, detailed" knowledge or information. You will go back to your client and look into people with specific, detailed knowledge or information.

**ROG 2** - You stated that the "sales data" OWYN agreed to provide would not answer the request. You stated that OWYN can provide direct-to-consumer sales data and possibly provide anonymized identifiers.

You stated that OWYN will not agree to the full time period covered by ROG 2 (2017 to present) and that OWYN does not agree to the nationwide scope of ROG 2. You also indicated you have privacy concerns related to producing the responsive data. We discussed the possibility of you sending us your position in writing. I stated that we may want to seek an order allowing the responsive information to be produced, and we discussed the possibility of an amendment to the current protective order. I stated that the names and contact information we are seeking are relevant to providing class notice.

While we do not agree with OWYN's positions, at this time, I am going back to co-counsel to determine whether we are willing to table further discussion of ROG 2 to a later date, since at this time no class has been certified.

**ROG 3** - The parties agree that the timeframe for the response to ROG 3 is September 12, 2020, to the present. (For sake of clarity, we did not agree that this timeframe is applicable to all ROGs and RFPs.) You confirmed OWYN's response will be for each SKU in the complaint. You do not know how OWYN tracks its sales data (e.g., weekly, monthly, quarterly). You will inquire into this and let us know. We are open to intervals other than one month.

With respect to geographic scope, you only agree to provide California data, not nationwide data. Our position, as set forth in the letter, is that the scope of the complaint is nationwide so therefore the scope of discovery is nationwide. You will provide us a written position regarding why you believe discovery is not nationwide.

**ROG 4** - You stated that (i) OWYN can agree to produce wholesale data; (ii) OWYN sells a small amount of shakes direct to consumer, and you can provide the retail prices through the direct-to-consumer channel; and (iii) OWYN sells most products through retailers, and you can tell us the wholesale prices for the retailers. You also stated that what is less transparent is what retailers charge, but if OWYN has retail price data, you can provide it.

The parties agree that the timeframe for the response to ROG 4 is September 12, 2020, to the present. And my understanding is that OWYN will provide responsive prices for each SKU in the complaint. You will inquire with respect to time intervals (e.g., weekly, monthly, quarterly) and will let us know. We are open to intervals other than one month. With respect to geographic scope, as with ROG 3, we ask that you put your position in writing if you refuse to produce nationwide data.

**ROGs 5-6** - You are willing to provide when various iterations of the label were used for sales in California, but you do not want to provide the information nationwide. However, you stated that you will represent to us that OWYN doesn't have separate labels for different parts of the country.

With respect to time periods, we understand that OWYN has agreed to comply with our request, and we are therefore satisfied. Plaintiff agrees to limit the time period to September 12, 2020, to the present.

With respect to the nationwide v. California issue, I assume the writing you will provide concerning Defendant's position will cover ROGs 5-6 as well. We would like to see Defendant's position, but we acknowledge your statement that OWYN did not use separate labels for different parts of the country.

**ROG 7** - We did not finish our discussion of ROG 7 and will pick back up with ROG 7 in our next call.

My understanding is that after discussion on the call, you agreed to provide the "what," the "when," and the "why" for each SKU in the complaint. I stated with respect to the "why" that we would like the reason that OWYN made the compositional change (whatever that reason may be).

As stated in our letter, we would like OWYN to comply with ROG 7 with respect to the full Relevant Time Period as defined in the interrogatories. We will discuss this on our next call, which is set for March 4, 2025, between 11:00 a.m. Pacific and 1:00 p.m. Pacific.

Sincerely,
George


George V. Granade
Partner
Reese LLP

8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile: (212) 253-4272
Website: www.reesellp.com

CONFIDENTIALITY NOTICE: This e-mail and all attachments are privileged and confidential.  Disclosure, copying, distribution, or use of information contained in or attached to this message by anyone other than intended recipients or their agents is strictly prohibited.  If you have received this message in error, please notify me immediately by reply e-mail to ggranade@reesellp.com or by telephone at (212) 643-0500, and destroy the original message and any attachments without reading, distributing, or saving them.  Thank you.

[Quoted text hidden]