# EXHIBIT 8



George Granade <ggranade@reesellp.com>

---

# Enriques v. Only What You Need, Inc., No. 2:24-cv-08969-GW-BFM (C.D. Cal.) - Letter requesting to meet and confer re: OWYN's responses to Plaintiff's first interrogatories and first requests for production of documents

---

**George Granade** <ggranade@reesellp.com>  Thu, Mar 6, 2025 at 4:32 PM
To: David Kwasniewski <kwasniewski@braunhagey.com>
Cc: Michael Reese <mreese@reesellp.com>, "alec@presslylegal.com" <alec@presslylegal.com>, George Pressly <gpressly@presslylawgroup.com>, Peter Safirstein <psafirstein@safirsteinlaw.com>, Matt Borden <borden@braunhagey.com>, Chelsea Tirgardoon <Tirgardoon@braunhagey.com>

David,

Thank you for meeting and conferring with Alec Pressly and me on March 4, 2025, via Zoom regarding Plaintiff's letter dated February 14, 2025. Below I have set forth our understanding of the parties' discussion, which continues the discussion we had via telephone on February 24, 2025. I recognize you also sent an email along these lines; I am sending this email to confirm Plaintiff's understanding of the call.

**ESI Protocol** -- As an initial matter, you are drafting a proposed ESI Protocol, which you will send to us by the end of the week. Plaintiff reserves the right to take a Rule 30(b)(6) deposition on issues related to appropriate custodians, search terms, and locations to search. The parties agreed during the meet and confer that Plaintiff may serve only one 30(b)(6) notice, but that notice may cover multiple topics and the depositions regarding different topics may potentially take place at different times. We would like to review the draft of the ESI Protocol before deciding if we want to seek 30(b)(6) testimony on issues related to appropriate custodians, search terms, and locations to search.

**ROG 7** -- OWYN agrees to identify, as requested in ROG 7, "what was changed," "why the change was made," and "when the change was made."

We asked that OWYN provide information prior to the beginning of the statutory period, as we believe such information is relevant to determining whether there was a trend in the actual content of the shakes that began before the statutory period and continued into it. You stated that you do see why a trend would be relevant to Plaintiff's claims. The parties agreed to disagree on this point.

Furthermore, at various points during the meet and confer, the parties discussed when we should bring disputes to Magistrate Judge Mircheff, and the parties agreed that the meet and confer is not yet "concluded" for purposes of bringing disputes to Magistrate Judge Mircheff and that she would likely appreciate it if we bring all disputes to her at once, rather than seriatim. For these reasons, Plaintiff is not yet bringing the parties' dispute as to the timeframe for the response to ROG 7 to Magistrate Judge Mircheff.

With respect to the UPCs at issue in ROG 7, my understanding is that OWYN currently intends to respond with respect to all UPCs, but, as discussed below, OWYN intends to seek sanctions related to unpurchased UPCs.

**OWYN's statements regarding sanctions regarding unpurchased UPCs** -- Paragraph 5 of the Complaint states, "Plaintiff purchased the Shakes at retail locations in California including in Los Angeles County." Our understanding is that you believe paragraph 5 of the Complaint is false because Plaintiff did not purchase all of the products at issue. You have stated that OWYN intends to seek sanctions; as I understand it, these sanctions would be related in particular to UPCs of the product that Plaintiff did not purchase.

I asked whether you are going to serve your sanctions motion 21 days prior to filing it, under Rule 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."). It was not clear to me from your response whether you intend to do so. Rule 11(c)(2) is stated in mandatory terms, twice using the word "must," and additionally we would appreciate the opportunity to review your motion if you continue to pursue this course of action, to ensure we fully understand your position and to give us the 21-day opportunity afforded by Rule 11(c)(2) to consider what to do with respect to the issue.

You have also stated that Mr. Enriques did not review the Complaint before filing it. He testified that he did not "recall" having done so. Tr. Dep. Enriques 46:6-9. However, he did review the Complaint before it was filed.

We do not agree that the Complaint is false, and we do not agree that we have done anything sanctionable. However, we are considering an amendment to the Complaint. Would Defendant be open to stipulating to an amendment of the pleading?

For sake of clarity: (1) Mr. Enriques did purchase the Elite Pro 330 mL Vanilla shake (as discussed in my prior email dated February 25, 2025); and (2) we do not dispute that Mr. Enriques did not purchase the Elite Pro Chocolate 355 mL shake, the Elite Pro Vanilla 355mL shake, the Elite Pro No Nut Butter Cup 330 mL shake, and the Elite Pro Sea Salted Caramel 330 mL shake.

**ROG 8** -- You stated that OWYN will collect representations pursuant to the ESI Protocol (once agreed upon) and run search terms through the database where complaints are stored. We are fine with this approach, so long as it answers the question.

**ROGs 9-11** -- You stated that OWYN will have documents regarding the creation and use of the terms at issue in ROGs 9-11 on the labels. You believe the most efficient way to respond to ROGs 9-11 is to negotiate an appropriate ESI Protocol which will include search terms that will capture OWYN's response. You would like to proceed under Rule 33(d). We are open to this approach, so long as it answers the questions.

**ROG 12** -- You would like to respond under Rule 33(d) and through the ESI Protocol. We are fine with this approach, so long as it answers the question.

**ROG 13** -- You would like to respond under Rule 33(d) and through the ESI Protocol. We are fine with this approach, so long as it answers the question.

**ROG 15** -- You stated that OWYN will provide the product labels, so we can make comparisons. As far as the "why," you stated that there will be privilege concerns to the extent changes were made at the guidance of counsel, and in connection with the ESI Protocol, we can cover this through the production of a privilege log. You would like to respond under Rule 33(d). We are fine with you responding under Rule 33(d) and the ESI Protocol, so long as it answers the question. As a general matter, we believe that underlying factual information is not protected by the privilege, but the content of conversations between client and counsel may be protected so long as all elements are met; we agreed to revisit this issue if need be after we have seen OWYN's response and the privilege log.

**ROG 16** -- After discussion regarding ROG 16, our understanding is that OWYN will consider responding.

**ROG 18** -- You would like to proceed under Rule 33(d) and the ESI Protocol. You stated that a substantial portion of the testing is done through counsel and that it implicates a lot of privilege concerns; to the extent there is non-privileged product testing, OWYN is open to producing pursuant to an appropriate ESI Protocol. As set forth above, we believe that the underlying facts are not protected by the privilege, but we again agree to revisit this issue if need be after we have seen OWYN's response and the privilege log.

**Rule 34(b)(2)(C)** -- You stated that OWYN is not presently withholding any documents based on objections. OWYN anticipates that as it conducts ESI collection, to the extent that it withholds documents, it will identify them on a log. This is fine with us with respect to privileged documents. If you are withholding documents based on some other objection, we are open to considering a log even though that is not standard procedure under the Federal Rules of Civil Procedure; we further state that it may be that the better approach is to amend the response to comply with Rule 34(b)(2)(C), but we agree to further consider this issue if/when we get to it.

**RFPs 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 32, 35, 37, 38, 40, 41, 42, 43, 44, and 45** -- The parties agreed to negotiate the terms of an appropriate ESI Protocol, then perform an ESI production and collection pursuant to that protocol, which you stated will get Plaintiff everything he wants.

**RFP 1** and **RFP 2** -- You confirmed you are not limiting the responses to any subset of UPCs in the Complaint.

**RFP 3** -- Your position is that the response is limited to California. Plaintiff believes the response should be nationwide. The parties agreed that the meet and confer is not yet "concluded" so we are not taking the nationwide v. California issue to the magistrate yet (as discussed above).

**RFP 4** -- You stated that we can likely resolve RFP 4 through the ESI Protocol with appropriate search terms. You

stated you are not aware of regional or state-by-state variance among the products at issue.

**RFP 5** -- You stated that the ESI Protocol can cover this.

**RFP 6** -- You stated that the ESI Protocol can cover this, and if the ESI Protocol is completed successfully, Plaintiff will get the documents he wants. The parties disagree about whether the request should cover the period prior to September 12, 2020; Plaintiff believes it should because decisions prior to the statutory period could have impacted, or could relate to, the current product labeling. As stated above, we agreed to bring all disputes to the magistrate at one time after the meet and confer is concluded.

**RFP 9** -- The ESI Protocol can cover this. You stated that OWYN can agree to include consumer surveys and similar documents in the ESI collection, and that you will search regarding all Representations at issue (without representing that any responsive documents exist).

**RFP 18** -- The parties agreed to resolve RFP 18 on the same terms as RFP 9.

**RFP 30** -- OWYN agreed to provide the MSRP and pricing information for direct-to-consumer sales, for the statutory period in California. You stated that OWYN does not have access to frontline retailer pricing, as it uses distributors to place its products in stores but doesn't necessarily know with any precision or detail what retailers charge. You stated that OWYN will provide the data it has but not the data it does not have. The parties agreed we will have to litigate the nationwide v. California issue (as with other requests).

**RFP 31** -- OWYN will not agree to produce pricing information for anything other than the products in suit; OWYN contends anything else is not relevant. Plaintiff contends the prices of similar products, including those made by OWYN and its competitors, are relevant to price premium calculations. We will have to litigate this issue with the others.

**RFP 33** -- We discussed that Plaintiff will ask for a search term that will include the word "premium." You will not use RFP 33 to bar us from using a search term that includes the word "premium." (We will of course have to agree to the specific search terms.)

**RFP 36** -- Similar to ROG 8, OWYN proposes to resolve this through the ESI Protocol.

George V. Granade
Partner
Reese LLP
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile: (212) 253-4272
Website: www.reesellp.com

CONFIDENTIALITY NOTICE: This e-mail and all attachments are privileged and confidential.  Disclosure, copying, distribution, or use of information contained in or attached to this message by anyone other than intended recipients or their agents is strictly prohibited.  If you have received this message in error, please notify me immediately by reply e-mail to ggranade@reesellp.com or by telephone at (212) 643-0500, and destroy the original message and any attachments without reading, distributing, or saving them.  Thank you.

[Quoted text hidden]