| | |
|---|---|
| 1 | Matthew Borden, Esq. (SBN: 214323) |
|  | borden@braunhagey.com |
| 2 | David H. Kwasniewski, Esq. (SBN: 281985) |
|  | kwasniewski@braunhagey.com |
| 3 | H. Chelsea Tirgardoon, Esq. (SBN: 340119) |
|  | tirgardoon@braunhagey.com |
| 4 | BRAUNHAGEY & BORDEN LLP |
|  | 747 Front Street, 4th Floor |
| 5 | San Francisco, CA 94111 |
|  | Tel: (415) 599-0210 |
| 6 | Fax: (415) 276-1808 |
| 7 | *Attorneys for Defendants The Simply Good Foods Co. and Only What You Need, Inc.* |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMETT ENRIQUES, individually and on behalf of all others similarly situated, | Case No. 2:24-cv-08969-GW-BFM |
| Plaintiff, | **DECLARATION OF DAVID KWASNIEWSKI IN SUPPORT OF DEFENDANTS THE SIMPLY GOOD FOODS COMPANY AND ONLY WHAT YOU NEED, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT** |
| v. | |
| ONLY WHAT YOU NEED, INC., a Delaware Corporation; THE SIMPLY GOOD FOODS COMPANY, a Delaware Corporation; AND DOES 1 THROUGH 70, INCLUSIVE, | |
| Defendants. | **Date:** June 26, 2025 |
| | **Time:** 8:30 a.m. |
| | **Judge:** Hon. George H. Wu |

I, David Kwasniewski, declare:

1. I am licensed to practice law before this Court and am counsel of record for Defendants The Simply Good Foods Company ("Simply Good Foods"), erroneously sued as The Simple Good Foods Company, and Only What You Need, Inc. ("OWYN"). I make this declaration based on personal knowledge, and if called upon to testify, I could and would testify competently thereto.

2. Plaintiff denied buying any No Nut Butter Cup or Sea Salted Caramel shakes, as he alleged that he did in Paragraph 1 of his Complaint.

3. Shortly after the deposition, Defendants reached out to Plaintiff as a courtesy and asked that he dismiss his Complaint. Plaintiff said he would promptly investigate and get back to OWYN about whether he would continue with his claims.

4. Instead, on February 14, 2025, Plaintiff sent OWYN a 34-page form letter demanding a meet and confer about OWYN's responses to Plaintiff's discovery requests.

5. On February 24, 2025, OWYN sent Plaintiff a letter explaining that the allegations in his Complaint were not true. OWYN again requested that Plaintiff correct the inaccurate representations upon which he was asking the Court to rely. Plaintiff did not respond to OWYN's letter.

6. On February 26, 2025, the parties met and conferred to discuss OWYN's responses to Plaintiff's discovery requests. OWYN again detailed the inaccurate allegations in Plaintiff's Complaint. Plaintiff refused to make any correction.

7. On March 4, 2025, the parties met and conferred again to discuss OWYN's responses to Plaintiff's discovery requests. OWYN once again urged Plaintiff to correct his inaccurate pleading, and Plaintiff once again refused.

8. On March 5, 2025, OWYN sent Plaintiff an email summarizing the parties' meet and confers, again explaining that the allegations in Plaintiff's

1 | Complaint are untrue and urging Plaintiff not to ask the Court to rely on inaccurate
2 | factual representations.

3 |     9.    On May 19, 2025, OWYN served Plaintiff with a motion for sanctions
4 | pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. Section 1927.

5 |     10.    Attached as **Exhibit 1** is a true and correct copy of several excerpts of
6 | the transcript of Plaintiff's Deposition, taken on January 28, 2025.

7 |     I declare under penalty of perjury under the laws of the United States that the
8 | foregoing is true and correct.

10 | Dated: June 5, 2025

                                                David H. Kwasniewski, Esq.