UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-8969-GW-BFMx | Date | June 17, 2025 |
|---|---|---|---|
| Title | *Emmett Enriques v. Only What You Need, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** **IN CHAMBERS - TENTATIVE RULING ON PLAINTIFF EMMETT ENRIQUES' MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT [26]**

Attached hereto is the Court's Tentative Ruling on Plaintiff's Motion [26] set for hearing on June 26, 2025 at 8:30 a.m.

Initials of Preparer    JG

***Emmett Enriques v. Only What You Need, Inc. et al***; Case No. 2:24-cv-08969-GW-(BFMx)
Tentative Ruling on Motion to Amend Complaint


Before the Court is Plaintiff's Motion to Amend the Complaint.  *See* Motion, Docket
No. 26.  The Court has considered the Motion, Plaintiff's opposition ("Opp.," Docket No. 28), and
Defendant's reply ("Reply," Docket No. 32).  For the reasons stated herein, the Court would
**GRANT** the Motion.

## I.    **Background**

On September 12, 2024, Plaintiff Emmett Enriques ("Plaintiff") brought a putative class
action against Only What You Need, Inc., The Simply Good Foods Company, and Does 1-70
("Defendants"), in Los Angeles County Superior Court, asserting six causes of action relating to
the alleged mislabeling of five of Defendants' ready-to-drink protein shakes. *See generally*
Complaint, Docket No. 1-1.  Defendants removed the action to this Court on June 9, 2023,
invoking diversity jurisdiction.  *See* Notice of Removal, Docket No. 1.  After receiving the parties'
report under Fed. R. Civ. P. 26(f), the Court held a scheduling conference on December 16, 2024,
at which it set the date for a hearing on Plaintiff's motion for class certification of July 31, 2025.[1]
*See* Docket No. 19.

Discovery has been underway since, with Plaintiff having been deposed on January 28,
2025.  *See* Motion at 3.  At the deposition, it became clear that Plaintiff had never purchased at
least four of the five shakes identified in the Complaint.  *See* Motion at 8 (where Plaintiff concedes
that "Plaintiff had not purchased four of the five listed products" but disputes "any claim that the
Complaint was misleading or sanctionable.").[2]  Plaintiff did suggest at the deposition, however,
that he had purchased another shake that was not identified in the Complaint, the Elite PRO Plant
Powered Drink (Chocolate, 330mL).  Motion at 5-7.  Plaintiff now seeks leave to amend the
Complaint largely in order to add allegations regarding the sixth shake, and to revise parts of the
Complaint that suggested Plaintiff had purchased products that he had not.  *Id.* at 3-4.  Defendants

---

[1] The Court also set a date for the reply brief of July 17, 2025, and stated that the parties could stipulate to a
schedule regarding the other briefs.  *See* Docket No. 19.  The parties have not yet so stipulated.

[2] There is some discrepancy over whether Plaintiff had purchased *any* of the shakes identified in the Complaint.
Defendants assert that at the deposition, "Plaintiff revealed that he had not, in fact, bought any of the five Products
identified in his Complaint as the basis for this suit," Opp. at 5, but Plaintiff contends that the deposition shows he did
purchase the Elite PRO Plant Powered Drink (Vanilla, 330mL), and "there is no evidence in the record to the contrary,"
Reply at 17.

oppose the Motion.

II.    **Legal Standard**

A.  **Fed. R. Civ. P. 15(a)(2)**

Under Federal Rule of Civil Procedure 15(a)(2), federal courts are instructed to "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a).  A district court, however, may in its discretion deny leave to amend for "any apparent or declared reason," *see Lockman Found. v. Evangelical All. Mission*, 930 F.2d 764, 772 (9th Cir. 1991) (internal citation and quotation marks omitted), including "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment,'" *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Still, "the consideration of prejudice to the opposing party carries the greatest weight," *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003), and "[u]ndue delay by itself… is insufficient to justify denying a motion to amend," *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

B.  **Fed. R. Civ. P. 16(b)(4)**

"A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).

> Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension… Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal citations and quotation marks omitted).

III.    **Discussion**

The parties first dispute the applicable legal standard.  Plaintiff asserts that the Motion should be considered under the liberal standard set by Fed. R. Civ. P. 15(a)(2), *see* Motion at 12-15, while Defendants assert that the more demanding standard under Fed. R. Civ. P. 16(b)(4) is applicable, *see* Opp. at 8-9.  Plaintiff's argument is based on the contention that the Court has not

entered a Rule 16 scheduling order.  *See* Reply at 14-15.  The Court finds that the Plaintiff is correct.  Rule 16 scheduling orders "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(3)(A).  As the Court's scheduling of the hearing on the motion for class certification did not include these elements, it cannot be considered a Rule 16 scheduling order.  As, such, Rule 16(b)(4)'s standard for modifying a scheduling order is inapplicable, and the Court will consider the Motion under Rule 15(a)(2).[3]

In their Opposition, though Defendants agued that the Court should consider the Motion under the Rule 16 standard, they also argued that Plaintiff's Motion should fail under Rule 15 due to undue delay, bad faith, and prejudice to Defendants.  *See* Opp. at 10-14.

On the question of undue delay, the Court asks "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990).  The Court would agree with Defendants that Plaintiff has unduly delayed in seeking the proposed amendments.  The changes that Plaintiff seeks to make to the Complaint reflect information that he knew at the time of filing in September 2024.  He knew which products he had purchased and which he did not; diligence on the part of his counsel would have readily revealed this information.  Questioning at Plaintiff's deposition quickly made clear which products he had purchased and which he had not.  That Plaintiff conceded he did not read the Complaint before it was filed underlines this lack of diligence.  *See* Opp. at 6; *see also Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) ("The attorney has a duty prior to filing a complaint… to conduct a reasonable factual investigation.").  Plaintiff's counsel may have acted diligently upon ascertaining this information after the deposition, but that does not excuse the original lack of diligence.  Still, "[u]ndue delay by itself… is insufficient to justify denying a motion to amend," *Bowles*, 198 F.3d at 758, so this lack of diligence alone will not result in a denial of the Motion.[4]

---

[3] The Court notes that "[w]hen a motion requires by implication the modification of the scheduling order… the movant must first satisfy the 'good cause' standard established by Rule 16(b)." *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 638 (D. Nev. 2021) (citing *Johnson*, 975 F.2d at 608) ("Once the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards controlled.").  Still, as the setting of a class certification hearing date alone cannot properly be considered a Rule 16 scheduling order, the Court finds that an application of Rule 16(b)(4) would be inappropriate.

[4] Defendants' reference to *McKettrick v.Yates*, 627 F. Supp. 2d 1144, 1151 (C.D. Cal. 2008), *see* Opp. at 11, is unconvincing, as the quoted portion is based on *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994), *overruled by City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605 (9th Cir. 2017), where the "district court found that [the defendant] would suffer prejudice" in addition to the plaintiff's undue delay.

Bad faith exists when the moving party seeks to amend merely to prolong the litigation by adding "new but baseless legal theories." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999). It includes amendments filed frivolously or for an improper purpose. *Westlake N. Prop. Owners Ass'n v. City of Thousand Oaks*, 915 F.2d 1301, 1305 (9th Cir. 1990). Defendants claim that the delay in bringing these claims is an example of bad faith on the part of Plaintiff. The Court certainly understands that this amendment constitutes undue delay and lack of diligence on the part of Plaintiff and his counsel, but why this would constitute bad faith is unclear. Plaintiff appears to seek the amendment in order to clarify which of the shakes he actually purchased and in order to include all shakes (like the Elite PRO Plant Powered Drink (Chocolate, 330mL)) that he did purchase. *See* Docket No. 26-5. There is no evidence that this motion is being used as a delay tactic or for another improper purpose. The Court does not find that Plaintiff has acted in bad faith in bringing this Motion.

The Court will next turn to the question of undue prejudice, which "carries the greatest weight." *Eminence Capital, LLC*, 316 F.3d at 1052. "Prejudice results when an amendment would unnecessarily increase costs or would diminish the opposing party's ability to respond to the amended pleading." *Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.*, 980 F. Supp. 2d 1160, 1177 (E.D. Cal. 2013) (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). Additionally, "[a]n amended pleading may cause substantial prejudice to a party if [it] would greatly alter the nature of the litigation or require additional discovery that may result in a substantial delay in a final resolution of the action." *Munro v. Univ. of S. California*, No. 2:16-cv-06191-VAP-Ex, 2019 WL 4544427, at *2 (C.D. Cal. July 2, 2019).

Defendants argue that they will be prejudiced by an amendment, but they focus largely on the merits of the claims and their likely failure at the class certification stage. *See* Opp. at 13. The Court will address such arguments on a fully briefed motion for class certification, but they do not necessarily suggest any prejudice relevant to the current Motion. Furthermore, the Court appreciates that the addition of the Elite PRO Plant Powered Drink (Chocolate, 330mL) to the amended complaint will necessitate further discovery, but it will by no means alter the nature of

---

Defendants' citation to *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986), is similarly unconvincing as the district court in that case found that the motion to amend "was brought to avoid the possibility of an adverse summary judgment ruling" and prejudice would result. Without bad faith or prejudice, leave to amend under Rule 15 should not be denied.

the litigation, and it is unlikely that it will cause substantial delay in the ultimate resolution of the case.  This is not a case like *Singh v. City of Oakland, Cal.*, 295 F. App'x 118, 122 (9th Cir. 2008), where the plaintiff sough to amend "a month before trial was scheduled to begin," or *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998), where amendment was sought "on the eve of the [merits] discovery deadline."  Here, discovery on the merits has not yet commenced.  The Court thus finds any prejudice to Defendants to be minimal.  This prejudice lacking, the Court finds that despite Plaintiff's undue delay, he has satisfied the Rule 15 standard.

**IV.     Conclusion**

Based on the foregoing discussion, the Court would **GRANT** the Motion.  The Court would note however that this will be the final amendment permitted.  The Court will entertain discussion at the hearing regarding whether the amended complaint will impact the briefing schedule for the motion for class certification.  Finally, the Court would also note that with the amendment to paragraph 5 of the Complaint, Defendants' proposed motion for sanctions is without a clear basis.  Defendants can address this point at the hearing.