George V. Granade (State Bar No. 316050)
ggranade@reesellp.com
**REESE LLP**
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile: (212) 253-4272

Michael R. Reese (State Bar No. 206773)
mreese@reesellp.com
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

Alec Pressly (State Bar No. 348054)
alec@presslylegal.com
**THE LAW OFFICE OF ALEC PRESSLY**
3110 Main Street Building C, #331
Santa Monica, California 90405
Telephone: (603) 809-6601

[Additional Counsel Listed on Signature Page]

*Counsel for Plaintiff Emmett Enriques and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| EMMETT ENRIQUES, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>ONLY WHAT YOU NEED, INC., *a Delaware Corporation*; THE SIMPLY GOOD FOODS COMPANY, *a Delaware Corporation*; *and* DOES 1 through 70, *inclusive*,<br><br>Defendants. | Case No. 2:24-cv-08969-GW-BFM<br><br>**PLAINTIFF EMMETT ENRIQUES' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Date: July 17, 2025<br>Time: 8:30 a.m.<br>Place: Courtroom 9D, 9th Floor<br>Judge: Honorable George H. Wu |

Pursuant to the Court's Minute Order of June 26, 2025, ECF No. 35, Plaintiff respectfully submits this supplemental brief in support of his motion for leave to file a First Amended Class Action Complaint ("FAC"). *See* ECF Nos. 26, 32.

## I. The Proposed Amendment Will Cause No Undue Prejudice

In its Tentative Ruling on Plaintiff's motion for leave to amend, the Court carefully analyzed the parties' arguments regarding Plaintiff's request for leave to file the FAC and held it would grant the motion. ECF No. 33. In support of the Tentative Ruling, the Court, among other things, correctly rejected Defendants' contention that the proposed amendment would cause them undue prejudice, stating it "finds any prejudice to Defendants to be minimal." *Id.* at 5.

At the hearing on the motion, Defendants suggested that somehow the amendment would cause them prejudice because allegations in the original Complaint regarding four products Plaintiff did not purchase remain in the proposed FAC. *Compare* Compl. ¶ 1, *with* FAC ¶ 1, ECF No. 26-4. No such prejudice exists. Any costs related to the unpurchased products are not costs *caused by the proposed amendment* and therefore such costs do not demonstrate undue prejudice caused by the amendment. Where, as here, "'operative facts remain the same,' . . . leave to amend should be given to facilitate a proper disposition on the merits." *Munro v. Univ. of S. California*, No. 2:16-cv-06191-VAP-E, 2019 WL 4544427, at *2 (C.D. Cal. July 2, 2019) (quoting *Hurn v. Ret. Fund Tr. of Plumbing, Heating & Piping Indus. of S. California*, 648 F.2d 1252, 1254 (9th Cir. 1981)).

As the Court correctly explained in its Tentative Ruling, "[p]rejudice results when an amendment would unnecessarily increase costs or would diminish the opposing party's ability to respond to the amended pleading." ECF No. 33 at 4. And "[a]n amended pleading may cause substantial prejudice to a party if [it] would greatly alter the nature of the litigation or require additional discovery that may result in a substantial delay in a final resolution of the action." *Id.* Here, the unpurchased products are present in the original Complaint and remain in the proposed FAC.

Thus, there can be no *increased* costs caused by the unpurchased products, and Defendants' ability to respond regarding the unpurchased products remains unchanged, regardless of whether the Court grants leave to amend. *See Hurn*, 648 F.2d at 1254. For the same reasons, the nature of the litigation and discovery with respect to the unpurchased products are identical both before and after the proposed amendment. *See id.* Defendants' arguments regarding prejudice are without merit.

## II. Plaintiff Has Standing, and Whether the Unpurchased Products Are Substantially Similar to the Purchased Ones Is a Class Certification Issue

While Defendants have not asserted Plaintiff lacks standing under Article III to pursue claims concerning the unpurchased products, there was discussion at the hearing of whether the products are substantially similar to each other. For avoidance of doubt, Plaintiff has standing, and he may pursue claims regarding the unpurchased products, regardless of whether the Court grants leave to amend under Rule 15.

Under the Ninth Circuit authority of *Melendres v. Arpaio*, "once the named plaintiff demonstrates her individual standing to bring a claim, the standing inquiry is concluded, and the court proceeds to consider whether the Rule 23(a) prerequisites for class certification have been met"; further, "any issues regarding the relationship between the class representative and the passive class members—such as dissimilarity in injuries suffered—are relevant only to class certification, not to standing." *Melendres v. Arpaio*, 784 F.3d 1254, 1262 (9th Cir. 2015); *accord Davis v. The Kroger Co.*, No. 2:22-cv-02082-MEMF-RAO, 2023 WL 9511156, at *14 (C.D. Cal. Sept. 22, 2023) ("Binding Ninth Circuit precedent seems to support the class certification approach – that dissimilarities between the claims of named and unnamed plaintiffs are best resolved at the class certification stage."). Following *Melendres*, Your Honor held in *Stotz v. Mophie Inc.* that because the named Plaintiffs had standing, "whether Plaintiffs may be allowed to present claims on behalf of others in the class who have purchased similar, but not identical, products will . . . be determined on an assessment of typicality and adequacy of representation

at the motion for class certification stage." *Stotz v. Mophie Inc.*, No. 16-cv-08898-GW-FFM, 2017 WL 1106104, at *6 (C.D. Cal. Feb. 27, 2017).

Here, there can be no dispute that Plaintiff has standing to pursue claims regarding the Elite PRO Vanilla and Chocolate 330mL tetra pak shakes, because he testified he purchased these shakes and there is no contrary evidence in the record. Tr. Dep. Enriques 10:6-16, 11:8-23, 12:1-20, 19:20-20:12, 62:14-63:7, 74:16-25, ECF No. 26-6. Under *Melendres* and *Stotz*, because Plaintiff has standing to pursue claims regarding the Vanilla and Chocolate 330mL shakes, questions of whether he may represent purchasers of the other similar shakes are to be resolved on Plaintiff's motion for class certification under Rule 23, not this motion for leave to amend.

### III. All Products Are Substantially Similar

While substantial similarity is an issue for the class certification stage, all of the shakes at issue in both the Complaint and the proposed FAC are substantially similar. *See, e.g.*, *DZ Rsrv. v. Meta Platforms, Inc.*, 96 F.4th 1223, 1236 (9th Cir. 2024) ("[T]he class action mechanism would be impotent if a defendant could escape much of his potential liability for fraud by simply altering the wording or format of his misrepresentations across the class of victims."); *In re JUUL Labs, Inc., Mktg. Sales Pracs. & Prods. Liab. Litig.*, 609 F. Supp. 3d 942, 969 (N.D. Cal. 2022) (predominance met where "the messaging, although using different imagery and wording, conveyed consistent messages about JUUL products that would be likely to deceive reasonable consumers in similar ways").

#### A. The Products' Packaging Is Standardized

OWYN's Elite PRO shakes are flavor variants of a standardized formulation and are all labeled, packaged, and marketed as a single uniform product line. OWYN's Elite PRO shakes come in four flavors and are sold in just two package types: 330 mL tetra paks and 355 mL plastic bottles. FAC ¶¶ 29, 34, 39, 42, 44, 46, ECF No. 26-4. Across all formats, the shakes feature the same trade dress, layout, and front-panel nutritional claims. *Id.* Below is an image of the 330mL shakes:



Decl. Pressly, Ex. A (filed concurrently). Flavor differences are communicated solely through vignette color accents and minor text; visual consistency is part of the product's brand identity. FAC ¶¶ 29, 34, 39, 42, 44, 46. The packaging assures consumers that every shake delivers "32g protein" and "0g net carbs." *Id.*

### B. The Products Have Substantially Similar Ingredients

All Elite PRO shakes at issue have a consistent formulation. Every shake contains the same protein blend, fiber source, fat emulsifiers, thickeners, sweetener, and micronutrient additives. Decl. Pressly ¶¶ 2-6, Exs. A-C. Minor flavoring differences appear only at the end of the ingredient list and are irrelevant to this case. *See id.* The chart below compares the shakes' ingredients. *Id.* at ¶ 6, Ex. C.

| Ingredient | Vanilla 330 mL | Choc 330 mL | Sea Salt Caramel 330 mL | No Nut Butter 330 mL | Choc 355 mL | Vanilla 355 mL |
|---|---|---|---|---|---|---|
| Water | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| Pea Protein | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| Organic Pumpkin Seed Protein | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| Flaxseed Oil | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| Soluble Fiber | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| Sunflower and/or Safflower Oil | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| Sunflower Lecithin | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| Gellan Gum / Acacia Gum Blend | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| Guar Gum | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| Natural Flavor | ✓ | ✓ | ✓ |  | ✓ | ✓ |
| Monk Fruit Extract | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| Himalayan Pink Sea Salt | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| Greens Blend (Spinach, Kale, Broccoli) | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| Cocoa Powder |  | ✓ |  | ✓ | ✓ |  |

| | | | | | |
|---|---|---|---|---|---|
| Natural Chocolate Flavor | | ✓ | | ✓ | |
| Black Cocoa | | ✓ | | ✓ | |
| Natural Flavor (Peanut-Free / Tree Nut-Free) | | | | ✓ | |
| Natural Vanilla Flavor | ✓ | | | | ✓ |

### C. The Representations Are Misleading in Substantially Similar Ways

*Common misrepresentation of protein levels*. Every shake at issue represents on its front panel and in the nutrition facts panel that it contains 32 grams of protein.[1] FAC ¶¶ 29, 34, 39, 42, 44, 46, ECF No. 26-4. Across eleven of the fourteen product lots tested for protein content, actual protein levels fell materially below the 32g (or, in earlier samples, 35g) claimed on the label. *Id.* at ¶¶ 91, 93. The deficiencies ranged from 12% to over 30% (or 3.9 to 10.6 grams below labeled amounts), and occurred across multiple flavors, years, and container sizes. *Id.* at ¶¶ 82-93.

*Common misrepresentation of total carbohydrate levels*. Of the twelve product lots tested for total carbohydrates, all but one exceeded the labeled carbohydrate content. FAC ¶ 52, ECF No. 26-4. In some cases, the true values were more than double those listed—representing misstatements ranging from 33% to 267% (or 2.3 to 8.0 grams above labeled amounts). *Id.* These misrepresentations appeared across different years, flavors, and formats. *Id.* at ¶¶ 49-57.

*Common misrepresentation of Net Carb levels*. Every shake label states "0g Net Carbs." FAC ¶ 60. No label defines "Net Carbs." *Id.* at ¶ 64. Because every nutrition facts panel lists dietary fiber as equal to total carbohydrates, the most probable internal definition is "Net Carbs" is total carbohydrates minus dietary fiber. Even using this favorable interpretation, 92% of tested samples showed material net carbohydrate content. *Id.* at ¶¶ 69-70. Actual net carbs ranged from 1.7g to 7.6g per serving—making the "0g Net Carbs" claim mathematically impossible. *Id.* These misrepresentations occurred in different years, flavors, and formats. *Id.* at ¶¶ 66-74.

---

[1] In several product lots in 2022, the chocolate and vanilla flavors in the 355 mL container represented 35 grams of protein. FAC ¶¶ 29, 29 n.3, 34, 34 n.4, 85, 87.

Date: July 3, 2025

Respectfully submitted,

**REESE LLP**

By: */s/ George V. Granade*
George V. Granade (SBN 316050)
ggranade@reesellp.com
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile: (212) 253-4272

**REESE LLP**
Michael R. Reese (SBN 206773)
mreese@reesellp.com
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**THE LAW OFFICE OF ALEC PRESSLY**
Alec Pressly (State Bar No. 348054)
alec@presslylegal.com
3110 Main Street Building C, #331
Santa Monica, California 90405
Telephone: (603) 809-6601

**PRESSLY LAW GROUP PLLC**
George Pressly (*pro hac vice* to be filed)
gpressly@presslylaw.com
155 North Wacker Drive Suite 4250
Chicago, Illinois 60606-1750
Telephone: (603) 320-7030

**SAFIRSTEIN LAW LLC**
Peter Safirstein (*pro hac vice* to be filed)
psafirstein@safirsteinlaw.com
45 North Broad Street
Suite 100
Ridgewood, New Jersey 07450
Telephone: (917) 952-9458

*Counsel for Plaintiff Emmett Enriques and the Proposed Class*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.2**

The undersigned, counsel of record for Plaintiff Emmett Enriques and the proposed class, certifies that this brief is five pages long, which complies with the page limit set by the Court's Minute Order of June 26, 2025, ECF No. 35.

Date: July 3, 2025                    By:  /s/ George V. Granade
                                          George V. Granade