Matthew Borden, Esq. (SBN: 214323)
  borden@braunhagey.com
David H. Kwasniewski, Esq. (SBN: 281985)
  kwasniewski@braunhagey.com
H. Chelsea Tirgardoon, Esq. (SBN: 340119)
  tirgardoon@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Tel: (415) 599-0210
Fax: (415) 276-1808

*Attorneys for Defendants The Simply Good Foods Co. and Only What You Need, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

EMMETT ENRIQUES, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

ONLY WHAT YOU NEED, INC., a Delaware Corporation; THE SIMPLE GOOD FOODS COMPANY, a Delaware Corporation; AND DOES 1 THROUGH 70, INCLUSIVE,

Defendants.

Case No. 2:24-cv-08969-GW-BFM

**DEFENDANTS THE SIMPLY GOOD FOODS COMPANY AND ONLY WHAT YOU NEED, INC.'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

**Date:** July 17, 2025
**Time:** 8:30 a.m.
**Judge:** Hon. George H. Wu

Defendants The Simply Good Foods Company and Only What You Need, Inc. ("OWYN") respectfully submit this Supplemental Brief.

## **INTRODUCTION**

Fairness dictates that Plaintiff should bear the costs that he needlessly imposed on OWYN as a condition of being allowed to amend his Complaint. Plaintiff's pleading alleges that he read and relied on labels that he later admitted he never saw. OWYN investigated claims related to those products by going to facilities, looking at batches, and retrieving information on labeling, label changes, testing, and nutritional content that it would not have had to do if Plaintiff simply read his own Complaint before it was filed. As the Court correctly observed, and Plaintiff does not dispute, "The changes that Plaintiff seeks to make to the Complaint reflect information that he knew at the time of filing in September 2024. He knew which products he had purchased and which he did not; diligence on the part of his counsel would have readily revealed this information." (Tentative Ruling (Dkt. 33) at 3.)

The Ninth Circuit has long held that "A district court, in its discretion, may impose costs pursuant to Rule 15 as a condition of granting leave to amend in order to compensate the opposing party for additional costs incurred because the original pleading was faulty." *General Signal Corp. v. MCI Telecommunications Corp*., 66 F.3d 1500, 1514 (9th Cir. 1995). This case presents a situation where imposing costs is appropriate, not as a sanction, but under principles of basic fairness, as Plaintiff was in the best position to prevent OWYN from having to incur the costs and unreasonably failed to do so. (Tentative at 3 ("That Plaintiff conceded he did not read the Complaint before it was filed underlines this lack of diligence").) Moreover, after learning that his pleading was inaccurate, instead of correcting it, Plaintiff pressed ahead with sweeping discovery regarding the products he knew he never bought.

OWYN has carefully gone through its billing records to isolate the legal fees that Plaintiff unnecessarily forced OWYN to incur related to the four products he did not buy. (Supplemental Declaration of David H. Kwasniewski ("Kwasniewski Supp.

Decl.") ¶¶ 3-11.) Defendants have allocated fees fairly. For example, they have excluded the time spent taking Plaintiff's deposition because after he admitted he did not buy the products, little time was devoted to them. On the other hand, at least 80% of the investigation costs that Defendants incurred have no bearing on what Plaintiff claims he actually bought because, for example, the products are made in different batches and some at different facilities.

If the Court is inclined to allow amendment to add an entirely new product that will require OWYN to incur further substantial discovery and burden, the Court should condition amendment upon Plaintiff paying $194,053.44 to OWYN for the legal fees and expenses it unnecessarily forced OWYN to incur.

## I.    PLAINTIFF'S LACK OF DILIGENCE FORCED DEFENDANTS TO INCUR UNNECESSARY EXPENSE

Defendants incurred substantial fees related to the products that Plaintiff claimed he bought, but never did. These are fees that Defendants otherwise would not have had to spend because Plaintiff's accusations about the four products forced Defendants to investigate facilities and batches that they otherwise would not have and collect and review information and interview company personnel about subjects that have no bearing on the product Plaintiff actually claims to have bought.

First, Plaintiff claims that he only bought vanilla and chocolate products in Tetra Pak® paper-based packaging and not plastic bottles. (Mot. at 3.) Two of the products he named in the Complaint, vanilla and chocolate, were sold in plastic bottles. OWYN's shakes sold in Tetra Pak® are manufactured in different facilities than the shakes sold in plastic bottles. (Declaration of Brad Moose (Dkt. 28-1) ("Moose Decl.") ¶ 5.) Thus, all the work Defendants did regarding the shakes sold in plastic bottles cannot be repurposed in any way for use in this case.

Second, Plaintiff admitted that he never purchased No Nut Butter Cup or Sea Salted Caramel shakes. (Mot. at 3.) These are sold in Tetra Pak, but they are different

batches with different formulations. Thus, all the work Defendants did regarding these products cannot be repurposed in any way for use in this case.

Third, Plaintiff's discovery requests sought unique information about the four products, including how they were labeled, their nutritional content, and each date that those labels and nutritional information changed. (Kwasniewski Supp. Decl. ¶ 6.) Responding to such discovery required Defendants to investigate these separate facts, which only relate to the four products and did not create any efficiencies or involve any work that Defendants would have done anyway. (*Id*.)

Fourth, the fees Defendants incurred preparing their opposition to Plaintiff's motion for leave to amend were 100% necessitated by Plaintiff claiming that he read and relied upon the labels of products that he never saw or purchased.

Fifth, the fees Defendants incurred related to serving a Rule 11 motion are exclusively related to the products Plaintiff said he bought, but did not. Defendants made substantial efforts to avoid those costs, which were only necessary because Plaintiff refused to amend his pleading until Defendants served the motion on him. Defendants gave him every chance to do the right thing: they repeatedly raised the issue on calls, and sent a formal letter. His only response was to make escalating demands for discovery—on the products he knew he did not buy. (Opp. at 6; Declaration of David Kwasniewski ("Kwasniewski Decl.") ¶¶ 3-8).

Defendants went carefully through their billing records to eliminate any fees that they might have normally incurred. (Kwasniewski Supp. Decl. ¶¶ 3-11.) The chart below summarizes the fees that Defendants incurred due to Plaintiff's claims that he bought at least four products that he never purchased, that Defendants otherwise would not have had to spend.

| Description | Amount |
|---|---|
| Investigation, Strategy Formation, Deposition Preparation, and Responding to Discovery Requests @ 80% | $84,852.20 |
| Costs and Fees Associated with Plaintiff's Deposition | $6,533.07 |

| Costs and Fees for Motion for Sanctions | $98,797.17 |
|---|---|
| Costs and Fees for Opposing Motion for Leave to Amend @ 100% | $3,871.00 |
| **Total** | $194,053.44 |

## II.    THE COURT SHOULD CONDITION LEAVE TO AMEND UPON PLAINTIFF PAYING THE COSTS HE IMPOSED ON DEFENDANTS

"[A] district court, in its discretion, may impose costs pursuant to Rule 15 as a condition of granting leave to amend in order to compensate the opposing party for additional costs incurred because the original pleading was faulty." *Gen. Signal*, 66 F.3d at 1514 (citing *Firchau v. Diamond Nat'l Corp.*, 345 F.2d 269, 275 (9th Cir. 1965)); *Firchau*, 345 F.2d at 275 ("the district court may, if it grants the motion, prescribe as a condition reasonable terms compensating appellee for any loss or expense occasioned by Firchau's failure to file adequate pleadings in the first instance."); *Vanguard Logistics Servs. (USA), Inc. v. Groupage Servs. of New England*, No. CV 18-517 DSF (GJSX), 2021 WL 4520969, at *3 (C.D. Cal. Jan. 4, 2021) (granting motion to amend on condition that plaintiff make defendant whole).

Conditioning amendment on the payment of Defendant's fees is similarly "fair and equitable" here. *Datel Holdings Ltd. v. Microsoft Corp.*, 2011 WL 2437265, at *1. At the time he filed his Complaint, Plaintiff knew which products he had purchased and which he did not; diligence would have readily revealed this information. (Tentative at 3.) Because of Plaintiff's lack of diligence, Defendants incurred fees they otherwise would not have spent on products manufactured in different batches and in a different facility than the product Plaintiff now says that he bought. Further, if Plaintiff's amendment is granted, Defendants will need to depose Plaintiff again to investigate a purchase that he claims he made before he filed the Complaint.

Courts have conditioned amendment on the payment of the other side's legal fees in less egregious circumstances. In *Datel Holdings Ltd. v. Microsoft*, defendants sought to amend their answer, and, although the delay was not sufficiently egregious

to warrant denial of leave to amend, because it was a "very close question," the court found it was fair and equitable to award Plaintiff fees associated with additional discovery as a condition of amendment. No. C-09-05535 EDL, 2011 WL 2437265, at *1 (N.D. Cal. June 17, 2011). Similarly, in *In re MORTGAGE FUND '08 LLC*, the Court conditioned leave to amend on payment of fees even absent bad faith or undue delay because the faulty pleadings had unnecessarily burdened defendants. 2015 WL 5654995, *8-9 (N.D. Cal. Sept. 25, 2015). The district court (sitting on appeal) affirmed, noting the Trustee had the information showing the allegations were incorrect at the time it filed the original complaints and offered no explanation for the inaccuracy. *Id.* at 9.

Plaintiff's four-month delay in bringing the Motion is an additional reason to award fees. *See Roth v. First in Awareness*, No. C-11-01452-EDL, 2011 WL 4345005, at *2 (N.D. Cal. Sept. 13, 2011) (plaintiff would "very likely be required to compensate" defendant should he pursue amending his complaint where plaintiff refused to amend to avoid a motion to dismiss despite plaintiff's urging).

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully asks the Court to condition amendment of Plaintiff's complaint on the payment of Defendants' fees and costs incurred in defending the original claims.

Dated: July 3, 2025

Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP

By:    */s/ David H. Kwasniewski*
David H. Kwasniewski

*Attorneys for Defendants The Simply Good Foods Co. and Only What You Need, Inc.*