Matthew Borden, Esq. (SBN: 214323)
borden@braunhagey.com
David H. Kwasniewski, Esq. (SBN: 281985)
kwasniewski@braunhagey.com
H. Chelsea Tirgardoon, Esq. (SBN: 340119)
tirgardoon@braunhagey.com
BRAUNHAGEY & BORDEN LLP
747 Front Street, 4th Floor
San Francisco, CA 94111
Tel: (415) 599-0210
Fax: (415) 276-1808

*Attorneys for Defendants The Simply Good Foods Co. and Only What You Need, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMETT ENRIQUES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ONLY WHAT YOU NEED, INC., a Delaware Corporation; THE SIMPLE GOOD FOODS COMPANY, a Delaware Corporation; AND DOES 1 THROUGH 70, INCLUSIVE,<br><br>Defendants. | Case No. 2:24-cv-08969-GW-BFM<br><br>**DEFENDANTS THE SIMPLY GOOD FOODS COMPANY AND ONLY WHAT YOU NEED, INC.'S RESPONSE TO PLAINTIFF EMMETT ENRIQUES' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**Date:** July 18, 2025<br>**Time:** 8:30 a.m.<br>**Judge:** Hon. George H. Wu |

OWYN respectfully submits this Response to Plaintiff's Supplemental Brief.

## INTRODUCTION

Plaintiff does not explain why he represented to the Court that he read and relied on labels of four products that he never purchased. He argues that this does not matter because he had standing to sue over these products because they are "substantially similar." He is doubly incorrect.

First, as a legal matter, Plaintiff lacks Article III standing to pursue claims over unpurchased products. Plaintiff could not have been injured by products he did not buy and thus lacks standing to challenge them. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). Plaintiff's similarity argument (Supp. Br. 3-5) fails. "The similarity of a product, by itself, says nothing about whether a party suffered an injury traceable to the allegedly wrongful conduct of another. A plaintiff who is falsely led to buy a product may claim injury resulting from that purchase; the same plaintiff, however, cannot claim injury from similarly false advertising upon which he or she did not injuriously rely[.]" *Lorentzen v. Kroger Co.*, 532 F. Supp. 3d 901, 909 (C.D. Cal. 2021).

Second, for the reasons detailed in OWYN's supplemental brief, Plaintiff's argument is factually incorrect. All four of those products were manufactured in different batches and in different facilities or with different recipes.

## ARGUMENT

### I.   PLAINTIFF CANNOT SUE OVER UNPURCHASED PRODUCTS

Courts previously differed on when a plaintiff could assert claims related to unpurchased products in a class action case. *TransUnion* ended that dispute. In *TransUnion*, the Supreme Court reversed the Ninth Circuit for allowing a class that included uninjured class members to proceed. 594 U.S. at 431 ("Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not." (citation omitted)). Since *TransUnion*, Courts have repeatedly held that a plaintiff cannot bring claims involving unpurchased products because such products

could not have caused the plaintiff any injury. As Judge Blumenfeld put it in *Lorentzen*, "Article III 'standing is not dispensed in gross.' . . . Importing a 'substantial similarity' test into the principle of standing overlooks this point and invites an analysis that is both difficult to apply and unrelated to its objective." 532 F. Supp. 3d at 909 (quoting *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996)). The court concluded: "Plaintiff bought only one of the eight Products named in the SAC. She therefore did not suffer any injury—economic or otherwise—related to the other seven Products. Because there is no injury, Plaintiff lacks standing to assert these unrelated claims." *Id.*[1]

Since *TransUnion* and *Lorentzen*, this Court and many others have rejected the substantial similarity test and ruled that plaintiffs lack standing to bring claims about unpurchased products. In *Ochoa v. Zeroo Gravity Games LLC*, for example, this Court declined to follow pre-*TransUnion* precedent, holding that *Lorentzen* "is more persuasive" and "the 'substantial similarity' analysis is in direct tension with the notion of standing." No. CV 22-5896-GW-ASX, 2023 WL 4291974, at *8 (C.D. Cal. Feb. 1, 2023); *see also Oh v. Fresh Bellies, Inc.*, No. CV 24-5417 PSG-JPRX, 2024 WL 4500727, at *4 (C.D. Cal. Oct. 15, 2024) ("[I]n light of the analysis in *Lorentzen*, the Court is persuaded that Plaintiff does not have standing to bring claims for products she did not purchase." (internal citation omitted)); *Ringler v. J.M. Smucker Co.*, No. 2:25-CV-01138-AH-(KESX), 2025 WL 1674390, at *10 (C.D.

---

[1] Plaintiff also lacks statutory standing under the UCL, FAL, and CLRA with respect to the Products he did not purchase. To establish standing under the UCL, FAL, and CLRA, a plaintiff must allege that he suffered an "injury in fact" and "has lost money or property" as a result of defendant's alleged conduct. *See* Cal. Bus. & Prof. Code §§ 17204, 17535; Cal. Civ. Code § 1780(a). A plaintiff "cannot expand the scope of his claims to include a product he did not purchase[,]" as he suffered no injury in fact with respect the unpurchased products and did not lose money or property with respect to the unpurchased products. *Johns v. Bayer Corp.*, No. 09CV1935 DMS (JMA), 2010 WL 476688, at *5 (S.D. Cal. Feb. 9, 2010); *Lorentzen*, 532 F. Supp. 3d at 909 n.4.

Cal. May 13, 2025); *McCracken v. KSF Acquisition Corp.*, No. 5:22-cv-01666-SB-SHK, 2022 WL 18932849, at *2 (C.D. Cal. 2022); *Zakikhan v. Hyundai Motor Co.*, No.: 8:20-cv-01584-SB (JDEx), 2021 WL 4805454, at *5 (C.D. Cal. 2021).

Plaintiff does not reference *TransUnion* or *Lorentzen* (both decided in 2021) or this Court's 2023 opinion in *Ochoa*. Plaintiff cites only one case decided after *TransUnion*: *Davis v. The Kroger Co.*, No. 2:22-cv-02082-MEMF-RAO, 2023 WL 9511156, at *14 (C.D. Cal. Sept. 22, 2023), but *Davis* does not analyze or address *TransUnion* or other recent Supreme Court precedent.

Citing *Melendres v. Arpaio*, Plaintiff argues that his standing to assert claims based on products he did not buy should be addressed at the class certification stage. (Supp. Br. 2-3.) Because the question of Article III standing implicates whether this Court has subject matter jurisdiction to adjudicate the claims, the issue should not be deferred. The Supreme Court expressly rejected this approach in *TransUnion*. 594 U.S. at 442 (remanding so "the Ninth Circuit may consider in the first instance whether class certification is appropriate in light of our conclusion about standing"); *see also Safari v. Whole Foods Mkt. Servs.*, No. 8:22-CV-01562-JWH-KES, 2023 WL 5506014, at *8 (C.D. Cal. July 24, 2023) ("[T]o the extent that Safari alleges an economic injury because Whole Foods sold antibiotics-tainted beef to other customers in other locations, that claim is not viable post-*TransUnion*."). For this reason, since *TransUnion*, Courts have eschewed this approach. And there is no practical reason to wait because *TransUnion* and *Lorentzen* answer the question before the Court right now—Plaintiff cannot sue over unpurchased products.

Plaintiff also reads too much into *Melendres* when he claims that it held that courts should wait. (Supp. Br. 2); *Sihler v. Fulfillment Lab, Inc.*, No.: 3:20-cv-01528-H-MSB, 2020 WL 7226436, at *16 (S.D. Cal. Dec. 8, 2020). In *Melendres*, plaintiffs suffered the same constitutional injury: they were pulled over at traffic stops because of their race, but the factual circumstances of the patrol differed. The Ninth Circuit held that "once the named plaintiff demonstrates her *individual standing* to bring a

claim, the standing inquiry is concluded, and the court proceeds to consider whether the Rule 23(a) prerequisites for class certification have been met." 784 F.3d 1254, 1262 (9th Cir. 2015) (emphasis added). *Melendres* requires that individual standing be established first, and here Plaintiff does not have individual standing to bring claims for products he did not purchase. *Id.* at 1261–62. "Plaintiffs must show they have standing for each claim they raise" and "*Melendres* does not . . . stand for the proposition that this Court must delay its consideration of standing." *Goldstein v. General Motors LLC*, 445 F. Supp. 3d 1000, 1021 (S.D. Cal. 2020).

## II. THE PRODUCTS AT ISSUE LACK SUBSTANTIAL SIMILARITY

Even if the Court were to apply the substantially similar analysis, Plaintiff fails to establish a substantial similarity between the products he purchased and the ones he did not. Plaintiff alleges that the products are out of spec but ignores that the products are all made differently as detailed in OWYN's briefs and the declaration of its COO. (Opp. 13-14; Defs. Supp. Br. 2-3; Moose Decl. ¶¶ 5, 8.) Further, Plaintiff claims that OWYN misrepresents the quantities of carbohydrates, dietary fiber, sugar, and protein. (Compl. ¶¶ 47, 64, 69, 80.) "[W]here the actual composition . . . of the product is legally significant to the claim at issue, the consumer may only be allowed to pursue claims for products with *identical* product composition . . . ." *Ang v. Bimbo Bakeries USA, Inc.*, No. 13-CV-01196-WHO, 2014 WL 1024182, at *8 (N.D. Cal. Mar. 13, 2014) (emphasis added); *see also Murphy v. Olly Pub. Benefit Corp.*, 651 F. Supp. 3d 1111, 1131 (N.D. Cal. 2023) (plaintiff must show "the resolution of the asserted claims will be *identical* between the purchased and unpurchased products" (emphasis added)); *Jones v. Nutiva, Inc.*, No. 16-cv-00711-HSG, 2016 WL 5210935, at *4-5 (N.D. Cal. Sept. 22, 2016) (same). Here, the quantities of the relevant nutrients are far from "identical" across products. Plaintiff admits protein, carbohydrate, and net carb levels vary. (Supp. Br. 5.) In fact, Plaintiff's own testing shows variation among every product with respect to every challenged claim. (Compl. ¶¶ 47, 64, 69, 80.) Because the core of Plaintiff's claim is

the carbohydrate, dietary fiber, sugar, and protein quantities, and those quantities allegedly vary among purchased and unpurchased products, there is no substantial similarity.[2]

Plaintiff also tries to establish substantial similarity by pointing to similarities across the labels and ingredients. (Supp. Br. 3-5.) These claims fare no better. The "visual consistency" across packaging and the fact that the products all contain water, pea protein, organic pumpkin seed protein, and other ingredients are irrelevant because they have nothing to do with Plaintiff's claims. (Supp. Br. 4); *Murphy*, 651 F. Supp. 3d at 1131 (holding the presence of the same ingredient does not establish substantial similarity where "the issue is not the presence of a particular ingredient, it is the quantity of that ingredient.").

Moreover, the cases Plaintiff relies on say nothing about whether products are substantially similar. (Supp. Br. 3 (citing *DZ Rsrv. v. Meta Platforms*, 96 F.4th 1223, 1230 (9th Cir. 2024); *In re JUUL Labs*, 609 F. Supp. 3d 942, 969 (N.D. Cal. 2022)).) In *DZ Reserve*, advertisers alleged that Meta fraudulently misrepresented the "Potential Reach" of advertisements on its platforms by stating it was an estimate of people when it was actually an estimate of accounts. 96 F.4th at 1230. In *In re JUUL Labs*, plaintiffs claimed JUUL's comparison of the nicotine content of JUUL pods to one pack of cigarettes is misleading. 609 F. Supp. 3d at 969.

Thus, even under a substantial similarity analysis, Plaintiff fails to plead facts establishing standing for any products he did not purchase.

## **CONCLUSION**

For the foregoing, the Court should condition leave to amend on Plaintiff paying the legal fees he forced OWYN to incur.

Dated: July 11, 2025                                     Respectfully Submitted,

---

[2] This alleged variation is consistent with OWYN's process of manufacturing the products in different batches and at different manufacturing facilities. (Opp. 13.)

BRAUNHAGEY & BORDEN LLP

By: */s/ David H. Kwasniewski*
David H. Kwasniewski

*Attorneys for Defendants The Simply Good Foods Co. and Only What You Need, Inc.*