George V. Granade (State Bar No. 316050)
ggranade@reesellp.com
**REESE LLP**
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile: (212) 253-4272

Michael R. Reese (State Bar No. 206773)
mreese@reesellp.com
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

Alec Pressly (State Bar No. 348054)
alec@presslylegal.com
**THE LAW OFFICE OF ALEC PRESSLY**
3110 Main Street Building C, #331
Santa Monica, California 90405
Telephone: (603) 809-6601

[Additional Counsel Listed on Signature Page]

*Counsel for Plaintiff Emmett Enriques and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| EMMETT ENRIQUES, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>ONLY WHAT YOU NEED, INC., *a Delaware Corporation*; THE SIMPLY GOOD FOODS COMPANY, *a Delaware Corporation*; *and* DOES 1 through 70, *inclusive*,<br><br>Defendants. | Case No. 2:24-cv-08969-GW-BFM<br><br>**PLAINTIFF EMMETT ENRIQUES' RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF**<br><br>Date: July 18, 2025<br>Time: 8:30 a.m.<br>Place: Courtroom 9D, 9th Floor<br>Judge: Honorable George H. Wu |

Pursuant to the Court's Minute Order of June 26, 2025, ECF No. 35, Plaintiff respectfully submits this response to Defendants' supplemental brief. *See* ECF No. 41 ("Supplemental Brief" or "Def.'s Suppl. Br.").

## I. Introduction

The Court's Tentative Ruling that it would grant Plaintiff's motion for leave to amend is well reasoned and firmly grounded in the governing law. ECF No. 33. The Court properly rejected Defendants' contention that Plaintiff has acted in bad faith, holding that "[t]here is no evidence that this motion is being used as a delay tactic or for another improper purpose." *Id.* at 4. The Court also correctly rejected Defendants' arguments regarding prejudice, stating that the addition of the Elite PRO Chocolate 330 mL shake "will by no means alter the nature of the litigation, and it is unlikely that it will cause substantial delay in the ultimate resolution of the case," and finding "any prejudice to Defendants to be minimal." *Id.* at 4-5.

In their Supplemental Brief, Defendants retreat from their prior position that leave to amend should be denied, now conceding leave should be granted. Defendants also retreat from their prior argument that the filing of the proposed FAC would cause them undue prejudice. Indeed, the word "prejudice" does not appear in the Supplemental Brief. And Defendants retreat from their prior position that Plaintiff should be sanctioned, arguing instead now that "imposing costs is appropriate, not as a sanction, but under principles of basic fairness." Def.'s Suppl. Br. 1. As detailed below, Defendants' "fairness" arguments are contrary to the law and are not based on the facts of this action, and the Court should reject them.

The Court should adhere to its Tentative Ruling and grant leave to amend without imposing any costs or fees. *Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1391 (9th Cir. 1985).

## II. Imposition of Fees and Costs under Rule 15 Is Inappropriate Here

"Rule 15 does not explicitly permit the imposition of costs or sanctions." *Borrego Cmty. Health Found. v. Hebets*, No. 22-cv-01056-BEN-KSC, 2023 WL

6370631, at *2 (S.D. Cal. Apr. 4, 2023). Nonetheless, "[t]he district court may, in its discretion, impose 'reasonable conditions' on a grant of leave to amend a complaint," including attorneys' fees and costs. *Int'l Ass'n of Machinists & Aerospace Workers*, 761 F.2d at 1391. "In determining whether to impose conditions, the factors that are relevant to determining whether to grant leave initially may be considered." *Id.* Where, as here, "the interests of justice require[] allowing [Plaintiff] to file [his] amended complaint," the Ninth Circuit has held that it "cannot find that the condition of the payment of attorney's fees and costs as a prerequisite to filing the amended complaint [is] reasonable." *Id.* Instead, Plaintiff "should [be] allowed to file the amended complaint without the imposition of any conditions." *Id.* (reversing award of fees and costs to defendant).

*Borrego Community Health Foundation v. Hebets* is on point. There, the defendants asked the court to condition the filing of the plaintiff's proposed first amended complaint on payment of the defendants' attorneys' fees, arguing, as Defendants argue here, that the plaintiff "knew or should have known that its original pleading was defective." *Borrego Cmty. Health Found.*, 2023 WL 6370631, at *2. The court declined to impose any conditions because the defendant "fail[ed] to persuade the Court that Plaintiff's proposed FAC will prejudice them." *Id.* The court reasoned that "[a]part from stating that they spent time and money to oppose the original Complaint, the [] Defendants offer no detail as to how they would be prejudiced by Plaintiff's proposed amendment." *Id.* Here as in *Borrego*, Defendants argue they spent time and money opposing the original Complaint. *Id.* However, as in *Borrego*, Defendants fail to establish they would be prejudiced by Plaintiff's proposed FAC. *Id.* Indeed, in their Supplemental Brief, Defendants do not mention prejudice and, instead, rely on a vague and amorphous "fairness" argument.

Similarly, in *QBE Specialty Ins. v. S.H.C.C., Inc.*, the court declined to impose Rule 15 costs because the defendants "[had] not established bad faith, substantial prejudice, or futility." *QBE Specialty Ins. v. S.H.C.C., Inc.*, No. 2:15-cv-02174-

SVW-AS, 2015 WL 12656270, at *3 (C.D. Cal. Oct. 16, 2015); *accord DiMuro v. Wal-Mart Assocs., Inc.*, No. 21-cv-00534-DMS-JLB, 2021 WL 5513990, at *2 (S.D. Cal. Aug. 4, 2021) (declining to impose Rule 15 sanctions because "Defendants have not established bad faith, substantial prejudice, or futility"); *Willner v. Manpower Inc.*, 35 F. Supp. 3d 1116, 1123 (N.D. Cal. 2014) (declining to impose Rule 15 sanctions where defendant "made no showing of prejudice"). In *He v. Yang*, the court refused to impose Rule 15 sanctions even though the plaintiff could and should have cured jurisdictional deficiencies in her complaint sooner because, as in the case at bar, "the matter is in its infancy, Plaintiff has not previously sought leave to amend, Plaintiff does not appear to have acted in bad faith, and granting leave to amend is unlikely to prejudice Defendants." *He v. Yang*, No. 19-cv-06417-RSWL-JPR, 2019 WL 13131390, at *3 (C.D. Cal. Oct. 16, 2019). And in *I.C. v. Delta Galil USA*, the court rejected the defendants' "majestic demand" for "over a quarter of a million dollars in [Rule 15] fees and costs" in part because they "would be an unduly harsh consequence of counsel's failure to identify a legal issue—even a potentially fundamental issue—in a timely manner." *I.C. v. Delta Galil USA*, No. 1:14-cv-07289-GHW, 2016 WL 6208561, at *3 (S.D.N.Y. Oct. 24, 2016).

The cases Defendants cite are inapposite. *See* Def.'s Suppl. Br. 4-5. In *General Signal*, "costs were awarded where the defendant went beyond the scope of amendment permitted by the court and filed new, unauthorized counterclaims." *Laatz v. Zazzle, Inc.*, No. 22-CV-04844-BLF, 2023 WL 4550941, at *4 (N.D. Cal. Mar. 13, 2023) (citing *Gen. Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1514 (9th Cir. 1995)). Here, Plaintiff has not filed an unauthorized pleading.

In *Vanguard Logistics Services*, the plaintiff dropped two claims after years of discovery, unlike Enriques. *Vanguard Logistics Servs. (USA), Inc. v. Groupage Servs. of New England, LLC*, No. 18-cv-00517-DSF-GJS, 2021 WL 4520969, at *1-2 (C.D. Cal. Jan. 4, 2021). In *Datel Holdings Ltd.*, the defendants sought to add new counterclaims after the close of discovery; here, discovery is in its infancy, OWYN

1  has only produced 7 pages of documents, and there is no fact discovery deadline.
2  *Datel Holdings Ltd. v. Microsoft Corp.*, No. 09-cv-05535-EDL, 2011 WL 2437265,
3  at *2 (N.D. Cal. June 17, 2011). *Roth* concerned "unique circumstances" in which
4  the plaintiff refused to amend his pleading but also did not oppose the defendant's
5  motion to dismiss. *Roth v. First in Awareness*, No. 11-cv-01452-EDL, 2011 WL
6  4345005, at *2 (N.D. Cal. Sept. 13, 2011). The bankruptcy court in *In re Mortgage
7  Fund '08 LLC* found Bankruptcy Rule 9011 (similar to Rule 11) "in large part set
8  the standard" for its award of fees and costs. *In re Mortgage Fund '08 LLC*, No. 15-
9  cv-00077-SI, 2015 WL 5654995, at *5 (N.D. Cal. Sept. 25, 2015). The Court should
10 not base any award of fees or costs on Rule 11, as a Rule 11 motion "must be made
11 separately from any other motion," and the safe harbor allows sanctions to be
12 avoided. FED. R. CIV. P. 11(c)(2).

13 **III.   Defendants' Investigation, Strategy, and Discovery Are Not Obsolete**

14         Defendants argue the proposed FAC will render obsolete 80% of their
15 investigatory work because it relates to shakes Plaintiff did not purchase. Def.'s
16 Suppl. Br. 2-3. This is not true. It ignores the obvious: the allegations regarding the
17 unpurchased shakes are identical in both the original complaint and the FAC. The
18 amendment merely clarifies that Plaintiff purchased the vanilla and chocolate flavors
19 in the 330 mL containers and adds a single substantially similar product to the
20 "Shake" definition. It does not drop any claims or assert any new ones.

21         Whatever investigation and strategic analysis Defendants performed relating
22 to the four unpurchased shakes is as relevant today as it was when it was performed.
23 While almost no discovery has been done, any discovery as to the four unpurchased
24 shakes also remains relevant and useful today. *See* FED. R. CIV. P. 26(b)(1). Plaintiff
25 has had no opportunity to depose Mr. Moose and Defendants have produced no
26 documents regarding quality control or manufacturing. However, even assuming
27 Defendants have multiple facilities, the existence of multiple facilities does not
28 negate the plausibility of a company-wide, systemic quality control problem that

PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF
4

affects all shakes, as revealed by Plaintiff's extensive testing of all shakes. Indeed, Mr. Moose's declaration admits a company-wide problem in ¶ 7, ECF No. 28-1.

### IV. The Costs of Plaintiff's Deposition Are Ordinary Litigation Expenses

Defendants initially aver they "have excluded the time spent taking Plaintiff's deposition" from their fee request. Def.'s Suppl. Br. 2. They nevertheless later seek $6,533.07 in costs and fees associated with Plaintiff's deposition, *id.* at 3, apparently because they might depose Plaintiff a second time, Decl. Kwasniewski ¶ 7, ECF No. 41-1. Defendants' position is convoluted at best. The Court should hold defense counsel to their representation that they will not seek fees or costs for Plaintiff's deposition, especially because the cost of deposing Plaintiff is an ordinary litigation expense Defendants always would have had to incur. If Defendants serve a second deposition notice, the Court should allow the parties to meet and confer at that time.

### V. Defendants' Threatened But Unfiled Rule 11 Motion Was Frivolous

Defendants seek $98,797.17 for a frivolous Rule 11 motion that was never filed, which was based on misstatements of fact they knew were false. *See* Def.'s Suppl. Br. 5. Plaintiff's deposition testimony confirms he purchased the Elite PRO Vanilla 330mL shake (Compl. ¶ 1). Tr. Dep. Enriques 10:6-16, 11:8-23, 12:1-20, 19:20-20:12, 62:14-63:7, 74:16-25, ECF No. 26-6. Plaintiff's counsel explained this to Defendants' counsel orally and in writing. Decl. Granade ¶ 15, ECF No. 26-3; ECF No. 26-9 at 2; ECF No. 26-11 at 2-3. Yet defense counsel repeatedly claimed in writing, *e.g.*, ECF No. 26-8; ECF No. 28 at 1, and in the served Rule 11 motion that Plaintiff testified he did not purchase *any* of the named products. This claim by defense counsel had no factual basis. The Court should not reward this behavior.

### VI. Plaintiff Attempted to Avoid the Motion for Leave to Amend, to No Avail

Defendants again contend Plaintiff "refused" to amend his pleading despite their requests, Def.'s Suppl. Br. 3, yet they again ignore Plaintiff's documented, prompt requests to stipulate to amend. Reply 4-5, ECF No. 32. They should not be allowed to recoup the expenses of their opposition, which were easily avoidable.

Date: July 11, 2025

Respectfully submitted,

**REESE LLP**

By: */s/ George V. Granade*
George V. Granade (SBN 316050)
ggranade@reesellp.com
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile: (212) 253-4272

**REESE LLP**
Michael R. Reese (SBN 206773)
mreese@reesellp.com
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**THE LAW OFFICE OF ALEC PRESSLY**
Alec Pressly (State Bar No. 348054)
alec@presslylegal.com
3110 Main Street Building C, #331
Santa Monica, California 90405
Telephone: (603) 809-6601

**PRESSLY LAW GROUP PLLC**
George Pressly (*pro hac vice* to be filed)
gpressly@presslylaw.com
155 North Wacker Drive Suite 4250
Chicago, Illinois 60606-1750
Telephone: (603) 320-7030

**SAFIRSTEIN LAW LLC**
Peter Safirstein (*pro hac vice* to be filed)
psafirstein@safirsteinlaw.com
45 North Broad Street
Suite 100
Ridgewood, New Jersey 07450
Telephone: (917) 952-9458

*Counsel for Plaintiff Emmett Enriques and the Proposed Class*

---

PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF

6

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.2

The undersigned, counsel of record for Plaintiff Emmett Enriques and the proposed class, certifies that this brief is five pages long, which complies with the page limit set by the Court's Minute Order of June 26, 2025, ECF No. 35.

Date: July 11, 2025                    By: */s/ George V. Granade*
                                            George V. Granade