UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-8969-GW-BFMx | Date | July 15, 2025 |
|---|---|---|---|
| Title | *Emmett Enriques v. Only What You Need, Inc., et al.* | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Maria Lindaya | - | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None present    None present

**PROCEEDINGS:** IN CHAMBERS - TENTATIVE RULING FOLLOWING SUPPLEMENTAL BRIEFING RE: MOTION TO AMEND COMPLAINT

Attached hereto is the Court's Tentative Ruling Following Supplemental Briefing re: Motion to Amend Complaint set for hearing on July 18, 2025, at 8:30 a.m.

: 
Initials of Preparer    mal

<u>**Emmett Enriques v. Only What You Need, Inc. et al**</u>; Case No. 2:24-cv-08969-GW-(BFMx)
Tentative Ruling Following Supplemental Briefing re Motion to Amend Complaint s

Before the Court is supplementary briefing regarding Plaintiff's Motion to Amend the Complaint (*see* Motion, Docket No. 26) following the Court's release of its tentative ruling on said Motion (*see* Docket No. 33) and a hearing (*see* Docket No. 35). The Court has considered the Motion, Plaintiff's opposition ("Opp.," Docket No. 28), Defendant's reply ("Reply," Docket No. 32), and the supplementary materials submitted by both sides (Docket Nos. 40, 41, 43, and 44). For the reasons stated herein, the Court would **GRANT** the Motion.

I.      **Background**

On September 12, 2024, Plaintiff Emmett Enriques ("Plaintiff") brought a putative class action against Only What You Need, Inc., The Simply Good Foods Company, and Does 1-70 ("Defendants"), in Los Angeles County Superior Court, asserting six causes of action relating to the alleged mislabeling of five of Defendants' ready-to-drink protein shakes. *See generally* Complaint, Docket No. 1-1. Defendants removed the action to this Court on June 9, 2023, invoking diversity jurisdiction. *See* Notice of Removal, Docket No. 1. After receiving the parties' report under Fed. R. Civ. P. 26(f), the Court held a scheduling conference on December 16, 2024, at which it set the date for a hearing on Plaintiff's motion for class certification of July 31, 2025.[1] *See* Docket No. 19.

Discovery has been underway since, with Plaintiff having been deposed on January 28, 2025. *See* Motion at 3. At the deposition, it became clear that Plaintiff had never purchased at least four of the five shakes identified in the Complaint. *See* Motion at 8 (where Plaintiff concedes that "Plaintiff had not purchased four of the five listed products" but disputes "any claim that the Complaint was misleading or sanctionable.").[2] Plaintiff did suggest at the deposition, however, that he had purchased another shake that was not identified in the Complaint, *i.e.* the Elite PRO

---

[1] The Court also set a date for the reply brief of July 17, 2025, and stated that the parties could stipulate to a schedule regarding the other briefs. *See* Docket No. 19.

[2] There is some discrepancy over whether Plaintiff had purchased *any* of the shakes identified in the Complaint. Defendants assert that at the deposition, "Plaintiff revealed that he had not, in fact, bought any of the five Products identified in his Complaint as the basis for this suit," Opp. at 5, but Plaintiff contends that the deposition shows he did purchase the Elite PRO Plant Powered Drink (Vanilla, 330mL), and "there is no evidence in the record to the contrary," Reply at 17. The Court notes that the record appears to reflect that Plaintiff did purchase the Elite PRO Plant Powered Drink (Vanilla, 330mL).

1

Plant Powered Drink (Chocolate, 330mL).  Motion at 5-7.

In his Motion, Plaintiff seeks leave to amend the Complaint largely in order to add allegations regarding the sixth shake, and to revise parts of the Complaint that suggested Plaintiff had purchased products that he had not.  *Id.* at 3-4.  Defendants opposed the Motion.  The Court issued a tentative order on the Motion on June 17, 2025, finding that although Plaintiff demonstrated a lack of diligence in filing the original Complaint and unduly delayed seeking leave to file a First Amended Complaint, Defendants failed to demonstrate the prejudice adequate to defeat the Motion under Fed. R. Civ. P. 15(a)(2).[3]  *See* Docket No. 33.

At the hearing, Defendants expanded on the prejudice they were facing, discussing the expenses the company would incur due to further testing and investigation, and imploring the Court to, "at minimum," impose costs on Plaintiff as a condition of granting leave to amend.  *See* Hearing Transcript, Docket No. 36 at 4-6.  Defendants focused on the discovery costs associated with the products that Plaintiff had not actually purchased, asserting that these are costs it should never have been forced to bear.  *Id.*  Plaintiff responded that under Ninth Circuit precedent, "whether [a plaintiff] can pursue claims on behalf of other people who purchase[] similar products is a matter for class certification," making even products that Plaintiff concedes he did not purchase "still at issue for discovery purposes."  *Id.* at 7.  Because these issues were not yet briefed, the Court allowed both sides to submit simultaneous supplementary briefs and then simultaneous responses, covering the issues of the similarities of the products and the bearing of the costs.  *Id.* at 8-9.[4]

## II.    Discussion

In his opening supplementary brief ("Plaintiff's Supp."), Plaintiff raises two main points: (1) any of Defendants' costs related to the products that Plaintiff concedes he did not purchase "are not costs caused by the proposed amendment [as those claims were listed in the original Complaint] and therefore such costs do not demonstrate undue prejudice caused by the amendment;" and (2) the similarity of the products for standing purposes is an issue for class

---

[3] Defendants had argued that the Court should deny the Motion under Fed. R. Civ. P. 16(b)(4), but the Court determined that because the setting of a class certification hearing date alone cannot properly be considered a Rule 16 scheduling order, application of Rule 16(b)(4) would be inappropriate.  *See* Docket No. 33 at 3.

[4] At the hearing, the Court also vacated the hearing date on the motion for class certification, noting that the outcome of this briefing would affect the subsequent timing of such a motion.

certification, but even if it were not, the products that Plaintiff has purchased are substantially similar to those that he has not.[5]  *See generally* Plaintiff Supp., Docket No. 40.  In its simultaneously filed supplementary brief ("Defendants' Supp."), Defendants sought to seize upon Plaintiff's lack of diligence in filing his original Complaint, which suggested he had purchased products he did not, and argued that the Defendants were entitled to recover money they had spent investigating products that Plaintiff himself had not purchased, as well as money spent strategizing regarding those products, drafting the Opposition to the Motion, and serving a Rule 11 motion.  *See* Defendants' Supp., Docket No. 41 at 1-3.  Defendants claim to be entitled to $194,053.44 before the FAC can be filed.  *See id.* at 2.

In response to Defendants' supplemental brief, Plaintiff argued that the imposition of fees would be inappropriate under the circumstances, especially considering the limited expansion of discovery that would be necessitated by the amendment.  *See generally* Plaintiff's Response, Docket No. 44.  In their response, Defendants focused on Plaintiff's Article III standing to bring claims that he did not purchase himself, arguing that under *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) and subsequent cases, substantial similarity is no longer the relevant test, and even if it were, the products Plaintiff purchased are not substantially similar to those that he admittedly did not.  *See generally* Defendants' Response, Docket No. 43.

Having considered the supplemental arguments, the Court is not convinced that it should depart from its previous tentative.

First, the Court will consider the standing issue.  The standing issue does not directly bear on the current Motion except to the extent that Defendants can argue that the Motion is futile.[6] [7]

---

[5] Plaintiff provides a table showing the many overlapping ingredients of the six shakes and an image showing the visual consistency of the marketing of the products.

[6] Under Fed. R. Civ. P. 15(a)(2), federal courts are instructed to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a).  A district court, however, may in its discretion deny leave to amend for "any apparent or declared reason," *see Lockman Found. v. Evangelical All. Mission*, 930 F.2d 764, 772 (9th Cir. 1991) (internal citation and quotation marks omitted), including "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment,'" *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[7] The Court does not find that Defendants will experience substantial prejudice by the filing of an amended complaint, particularly as the discovery they argue was unnecessary was a result of the original Complaint and will not be compounded by the proposed amendment.

Defendants have not explicitly made such an argument, and the Court does not find the amendment to be futile.

"Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018). Still, "[c]hallenges to the pleading are usually deferred until after the pleading has been granted." *Abels v. JBC Legal Grp., P.C.*, 229 F.R.D. 152, 157 (N.D. Cal. 2005). A proposed amendment is futile only if "no set of facts can be proved under the amendment that would constitute a valid claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987) (finding that "appellants should be granted leave to amend 'unless it appears beyond doubt' that appellants' fourth amended complaint would also be dismissed for failure to state a claim") (internal citations omitted); Stevenson & Fitzgerald, Rutter Group Guide – Federal Civil Procedure Before Trial (Calif. and 9th Cir. Ed., 2025) ("Stevenson & Fitzgerald") § 8:1514-15 (asserting that "[o]rdinarily, courts do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend" and that denials based solely on futility "are rare").

While Defendants' arguments regarding standing may have some merit, *see, e.g., Ochoa v. Zeroo Gravity Games LLC*, No. 2:22-cv-05896-GW-(ASx), 2023 WL 4291974, at *8 (C.D. Cal. Feb. 1, 2023), this is not an instance in which, at this stage, it is "beyond doubt" that the class claims alleged in the FAC could not survive a motion to dismiss in some form. *See DCD Programs, Ltd.*, 833 F.2d at 188 (internal quotation marks and citation omitted). Courts do not ordinarily consider the validity of a proposed amended pleading in deciding whether to grant leave to amend, *see* Stevenson & Fitzgerald at § 8:1514-15, and the Court will not make an exception here where the main district court case relied on by Defendants specifically notes that "[w]hether Plaintiff can assert claims for substantially similar products she did not purchase is [a question] on which courts within the Ninth Circuit have split," *Lorentzen v. Kroger Co.*, 532 F. Supp. 3d 901, 908 (C.D. Cal. 2021).[8] As the amended complaint is not futile on its face, the Court will decide

---

[8] Other district court cases from within the Ninth Circuit proclaim that: "the prevailing view in the Ninth Circuit is that class action plaintiffs can bring claims for products they did not purchase as long as the products and alleged misrepresentations are substantially similar." *Clevenger v. Welch Foods Inc.*, No. 8:20-cv-01859-CJC-(JDEx), 2022 WL 16964009, at *4 (C.D. Cal. Feb. 25, 2022) (internal quotation marks and citations omitted). The district court in *Clevenger* further stated that "*TransUnion* did not discuss the Ninth Circuit's 'substantial similarity' test and is not

the sufficiency of Plaintiff's allegations on a fully briefed record that includes all of Defendants' objections to the amended complaint should Defendants elect to file a motion to dismiss.[9] [10]

Next, regarding costs, the Court notes that "a district court, in its discretion, may impose costs pursuant to Rule 15 as a condition of granting leave to amend in order to compensate the opposing party for additional costs incurred because the original pleading was faulty." *Gen. Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1514 (9th Cir. 1995). Here, Defendants argue that they should not have had to incur discovery costs related to the four shakes that Plaintiff has now admitted he never purchased.[11] As the Court has not yet decided whether or not Plaintiff's inclusion of the four shakes in the original Complaint that he admittedly did not purchase was nonetheless proper due to their substantial similarity to other products he did purchase, it would be premature for the Court to rule on whether Defendants would be entitled to costs for the discovery, *i.e.,* those costs may very well have been necessary and proper, despite the lack of clarity in the original Complaint. The Court will not condition the filing of an amended complaint upon the payment of Defendants' requested costs. *See Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1391 (9th Cir. 1985) ("Since the interests of justice required allowing [the plaintiff] to file its amended complaint, we cannot find that the condition of the payment of attorney's fees and costs as a prerequisite to filing the amended complaint was reasonable."). The Court would allow Defendants to move for payment of those costs should the Court dismiss Plaintiff's allegations regarding the four shakes he did not purchase.

---

helpful to the inquiry here," *id.*, undermining Defendants' suggestion to the contrary.

[9] Should Plaintiff wish to make edits to the proposed amended complaint before filing based on the briefing conducted thus far, he is welcome to do so.

[10] Plaintiff may argue in opposition to a motion to dismiss, as he did in his supplementary brief, that the question of substantial similarity is best determined at the class certification stage. *See* Plaintiff's Supp. at 2. While some courts within the Ninth Circuit have addressed similar issues at the motion to dismiss stage, *see, e.g., Ringler v. J.M. Smucker Co.*, No. 2:25-CV-01138-AH-(KESx), 2025 WL 1674390, at *10 (C.D. Cal. May 13, 2025), others have opted to defer such a question until the class certification stage, *see, e.g., Stotz v. Mophie Inc.*, No. 2:16-cv-08898-GW-(FFMx), 2017 WL 1106104, at *6 (C.D. Cal. Feb. 27, 2017). The Court will at the very least entertain arguments regarding standing at the motion to dismiss stage.

[11] Defendants' argument seems to be premised on the assumption that had Plaintiff's Complaint made clear that he had not purchased four of the five shakes, Defendants would have moved to dismiss those specific claims on standing grounds and would have triumphed, freeing Defendants from the responsibility of discovery regarding those four shakes.

**III.** **<u>Conclusion</u>**

Based on the foregoing discussion, the Court does not diverge from its tentative ruling and would **GRANT** the Motion.